## PEOPLE *v.* CHAMBERLAIN

CRIMINAL LAW—TRIAL—NOTICE OF ALIBI.
  Exclusion of evidence of defendant's alibi in a first-degree murder case, where no notice of alibi has been filed within the statutory period, *held,* not an abuse of discretion, notwithstanding defendant's addition of co-counsel in the midst of trial and an immediate motion by the new counsel to enter a plea of alibi (CL 1948, §§ 750.316, 768.20, 768.21).

Appeal from Macomb, Deneweth (George R.), J. Submitted Division 2 January 13, 1969, at Detroit. (Docket No. 5,034.)   Decided January 29, 1969. Leave to appeal denied July 9, 1969.   See 382 Mich 769.

Fred M. Chamberlain was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, and *Thaddeus F. Hamera,* Chief Appellate Lawyer, for the people

*Sheldon M. Meizlish,* for defendant on appeal.

PER CURIAM.   Defendant was found guilty of murder in the first degree, CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548), at the conclusion of his sec-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 137,

ond trial. The jury, unable to agree upon a verdict at the conclusion of his first trial, was discharged.

While the defendant has raised several issues of error, only one merits consideration. During the course of the trial defendant became dissatisfied with his trial counsel and attempted to discharge him. Counsel was the same attorney who represented defendant in the first trial. The court refused to allow the defendant to discharge his attorney but did give him the opportunity to obtain co-counsel, who conducted the remainder of the trial.

Defendant's new attorney immediately moved to enter a plea of alibi. Defendant's initial counsel had not chosen to rely on this defense either at the first or second trial. Consequently, he had not filed the notice required by statute. CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043). At this stage of the proceedings the prosecution had called approximately 25 witnesses and objected to the motion, contending that to allow such evidence would be prejudicial and amount to a new trial.

The trial judge denied defendant's motion, agreeing with the prosecution that to allow such evidence at that particular stage of the proceedings would change the entire theory of the case.

CL 1948, § 768.21 (Stat Ann 1954 Rev § 28.1044) provides that, if the proper notice of alibi has not been filed, the trial court in its discretion may exclude such evidence.

Under the circumstances of this case, we cannot say the trial judge abused his discretion.

Affirmed.

FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ., concurred.