PEOPLE v. WARE

1. CRIMINAL LAW—CONSTITUTIONAL LAW—LINEUP—PHOTOGRAPHS.
    Contention that complainant's lineup identification of defendant
    was tainted by the prior use of photographs is without merit
    where record does not support defendant's contention, the
    lineup identification was unequivocal, and defendant's appear-
    ance at the lineup fairly approximated the description given
    by the complainant immediately after the armed robbery.

2. CRIMINAL LAW—DEFENSE—ALIBI—STATUTES.
    Statute requires that defendant, when claiming defensive alibi,
    give written notice of such defense (MCLA § 768.20).

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J.  Submitted Division 3 October 16,
1970, at Marquette.  (Docket No. 7649.)  Decided
December 3, 1970.

Samuel B. Ware, Jr., was convicted of armed rob-
bery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A. Poehl-
man,* Assistant Prosecuting Attorney, for the peo-
ple.

*Earl A. Mossner,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 371.
[2] 21 Am Jur 2d, Criminal Law § 137.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

Per Curiam. Defendant was found guilty by a jury of the offense of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). The complaining witness was a cab driver who was robbed at gunpoint and immediately thereafter described his assailant to the police. When defendant was arrested, 13 days later, the complainant positively identified the defendant from a lineup of six men as the person who had robbed him. Defendant claims a defense of alibi.

Defendant contends that the lineup identification was tainted under the standards set forth in *United States v. Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). Complainant's identification at the lineup was unequivocal, and the record does not support defendant's contention that complainant was shown his picture prior to the lineup. Furthermore, defendant's appearance at the lineup fairly approximated that of the description given by the complainant immediately after the robbery.

Athough defendant sought to prove his claim of alibi, no written notice was given the people in regard to this defense, as is required by statute. MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043). Furthermore, the people produced evidence regarding all the elements of the crime, which evidence, if believed by a jury, justified a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Weems* (1969), 19 Mich App 553.

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.