PEOPLE v MERRITT

Docket No. 54874. Argued April 9, 1975 (Calendar No. 4).—Decided
    January 29, 1976. Rehearing denied 396 Mich 977.

    Joseph C. Merritt was charged with armed robbery. At the time,
    the alibi notice statute, MCL 768.20; MSA 28.1043, required a
    written notice of the defense of alibi to be filed not less than
    four days before trial, and permitted the court in its discretion
    to exclude alibi evidence when the prescribed notice was not
    filed. A notice of alibi was not filed until the first day of trial,
    and the Wayne Circuit Court, James L. Ryan, J., denied the
    defendant's motion that he be permitted to present alibi wit-
    nesses. Defendant was convicted. The Court of Appeals, V. J.
    Brennan, P. J., and J. H. Gillis and O'Hara, JJ., affirmed
    (Docket No. 14191). Defendant appeals. *Held:*

        1. Where the trial judge has excluded the alibi testimony
    rather than grant a continuance, the defendant's right to have
    compulsory process for obtaining witnesses in his favor has
    been jeopardized and the standard is somewhat stricter than
    that generally applied. It is improper to exclude the defense
    where neither serious abuse of the right on the part of the
    defendant nor prejudice to the people's case have been demon-
    strated. The issues become: do the possible risk of false testi-
    mony and the interruption in the orderly administration of
    justice justify this intrusion on defendant's right?

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5, 7–9, 11, 13] 21 Am Jur 2d, Criminal Law §§ 136, 137.
    29 Am Jur 2d, Evidence §§ 157, 440.
    30 Am Jur 2d, Evidence §§ 1162, 1178.
    Constitutionality, construction, and effect of statutes requiring no-
        tice of prosecution of accused's intention to rely upon alibi as
        defense. 30 ALR2d 480.
    Burden and degree of proof as to alibi. 29 ALR 1127, s. 67 ALR 138,
        124 ALR 471.
[2–5, 11] 75 Am Jur 2d, Trial § 30.
[6] 73 Am Jur 2d, Statutes §§ 154, 272, 276.
[7, 8] 81 Am Jur 2d, Witnesses § 497.
[10] 17 Am Jur 2d, Continuance § 27.
[12] 21 Am Jur 2d, Criminal Law §§ 221, 222, 232 *et seq.*

2. The circumstances relevant to resolving these issues include prejudice to the prosecution and dereliction on the part of the defendant. In the instant case the trial judge made no observations as to prejudice to the prosecution or dereliction on the part of the defendant; therefore, the evidence of alibi should not have been excluded, and there was an abuse of discretion in excluding it.

3. The issue of the constitutionality of the former alibi notice statute is not reached because the finding of abuse of discretion is dispositive.

4. The statute permitting exclusion of evidence of alibi is construed to apply to exclusion of witnesses other than the defendant. Even if the defendant fails to give proper notice of alibi and the testimony of alibi witnesses is not allowed, the defendant may himself testify as to his absence from the scene of the crime.

Reversed and remanded for a new trial.

Justice Coleman, with whom Justice Fitzgerald joined, dissented for the reason that the trial court made an adequate finding that the defendant did not have a legitimate reason for failing to file notice of alibi until the date of the trial and that he was guilty of negligence in failing to comply with the statute, and a continuance should be granted in a criminal case on the same grounds as in a civil case and discretion in denying a continuance should not be judged by a stricter standard in a criminal case. Under the court rule in effect at the date of trial a continuance should not have been granted where it arose out of a party's fault or negligence. The former statute should not be interpreted to permit a defendant to raise alibi during trial when he has failed to give prior notice as required by law. The rationale by which the introduction of alibi is allowed even without prior notice would apply equally to the present alibi statute. Alibi evidence can be easily fabricated and to allow alibi testimony from any source without adequate notice would allow a distortion of the truth.

OPINION OF THE COURT

1. CRIMINAL LAW—ALIBI—NOTICE—DISCRETION.
   A trial judge had discretion under the former alibi notice statute to grant a continuance instead of excluding the evidence of alibi where notice of the defense was not given in conformity with the statute (MCL 768.20; MSA 28.1043).

2. TRIAL—DISCRETION.
   A trial judge commits reversible error if he does not recognize

that he has discretion and therefore fails or refuses to exercise it.

3. MOTIONS—DISCRETION.

A motion addressed to a trial court's discretion may be reversed only upon finding of an abuse of discretion by the trial judge.

4. CRIMINAL LAW—NOTICE—ALIBI—PRECLUSION SANCTION—CONSTITUTIONAL LAW.

The exclusion of alibi evidence for failure to timely file a notice of alibi creates an exception to the right of a defendant to produce witnesses, and in deciding whether exclusion was an abuse of discretion, competing interests must be weighed: do the risk of false testimony and the interruption in the orderly administration of justice justify this intrusion on the defendant's right? (US Const, Am VI; Const 1963, art 1, § 20; MCL 763.1, 768.20; ·MSA 28.854, 28.1043).

5. CRIMINAL LAW—ALIBI—EXCLUSION—DISCRETION.

Prejudice to the prosecution and dereliction of the defendant in the late filing of a notice of alibi are matters to be considered in the exercise of the trial judge's discretion to exclude evidence of alibi, and where the trial judge made no findings on these matters in excluding the evidence, the evidence should not have been excluded.

6. STATUTES—CONSTRUCTION.

Where there is doubt about how inclusively a statute should be construed to apply, if the mischief that it was enacted to remedy can be perceived it will be construed to apply only so far as is needed in order to effectuate the remedy and when words may have two possible meanings, the spirit and purpose of the statute should prevail over its strict letter.

7. CRIMINAL LAW—ALIBI—EXCLUSION—DEFENDANT TESTIFYING.

The statute permitting a trial judge, in his discretion, to exclude "evidence offered" of an alibi where the defendant has not filed a timely notice of alibi was enacted for the benefit and protection of the public by giving the prosecution time to investigate proposed witnesses before trial, avoiding an adjournment during trial and thus facilitating orderly, uninterrupted trials; there is not the same necessity for such an investigation of the defendant himself, and because "evidence offered" is not unequivocal, it should not be construed to condition the defendant's right to testify in his own behalf.

8. CRIMINAL LAW—ALIBI—EXCLUSION—DEFENDANT TESTIFYING.

A defendant may testify that he was not at the scene of the crime

charged even though his alibi witnesses are not permitted to testify because of a failure to file a timely notice of alibi (MCL 768.20).

DISSENTING OPINION

COLEMAN and FITZGERALD, JJ.

9. CRIMINAL LAW—ALIBI—NOTICE—DISCRETION.

*A trial court properly exercised discretion under the former alibi notice statute to exclude evidence of an alibi in the absence of notice of alibi before the day of the trial where delay was not requested because of the assertion of any constitutional right, there was no dispute as to the calling of witnesses between the defendant and his attorney, and the defense was guilty of negligence or delaying tactics in failing to give notice in compliance with the statute (MCL 768.20, 768.21; MSA 28.1043, 28.1044).*

10. CRIMINAL LAW—TRIAL—CONTINUANCE.

*A continuance in a criminal case should be granted for "good cause" on the same grounds as in civil actions, and discretion in denying a continuance should not be judged by a stricter standard in a criminal case (MCL 768.2; MSA 28.1025; GCR 1963, 503.1).*

11. CRIMINAL LAW—ALIBI—NOTICE—DISCRETION.

*Discretion of judges in excluding alibi testimony in the absence of timely notice under the former alibi notice statute is usually upheld unless it is manifestly unreasonable or exercised on untenable grounds.*

12. CRIMINAL LAW—FAIR TRIAL.

*"Fair trial" is a two-edged sword and a rule of criminal law should be designed to insure fairness to both defendant and the people.*

13. CRIMINAL LAW—ALIBI—TRIAL—PRECLUSION SANCTION.

*A defendant must not be permitted to interpose an alibi defense at any time during trial, regardless of failure to follow the legal requisites; the "preclusion sanction" rationale, which permits evidence of alibi under some circumstances in spite of failure to give timely notice of alibi, applies equally to the prior statute and the present version (MCL 768.20, 768.21; MSA 28.1043, 28.1044, as amended by 1974 PA 63).*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender Office (by *Stuart M. Israel),* for defendant on appeal.

WILLIAMS, J. We are asked in this case to determine whether a trial judge abused his discretion in precluding defendant from testifying about an alibi or from presenting his alibi witnesses under our state's former alibi notice statute, MCLA 768.20; MSA 28.1043. Further, we are asked to consider whether the alibi notice statute is constitutional, or if it violates defendant's rights to due process and to compulsory process. We hold there was such an abuse of discretion. We therefore reverse the conviction and remand for a new trial. It is therefore unnecessary to reach the issue of constitutionality in this case.

## I—FACTS

Defendant Joseph Charles Merritt appeared with retained counsel and was arraigned on a charge of armed robbery in the taking of a wallet containing $8 to $10 on November 19, 1971. A trial date of January 18, 1972 was established at pretrial conference. Defendant notified counsel of the existence of alibi witnesses two weeks before trial. However, because he was ill with the flu, counsel was unable to investigate these witnesses until Saturday, January 15, and did not complete his interviews until Monday, January 17. A notice of alibi was not filed until the following day, January 18, the first day of trial. This was con-

trary to the alibi statute then in effect, MCLA
768.20; MSA 28.1043, which required such notice
to be filed at least four days before trial.

In order to avoid the consequences of the late
filing, counsel made a motion to adjourn. The first
hearing on the adjournment motion was on Janu-
ary 12, but counsel was absent because of illness.
A second hearing the next day resulted in what
the judge characterized as a "Mexican standoff" at
the last hearing five days later. The prosecution
objected to the adjournment motion and the de-
fense rejected a consolidation of the trials of de-
fendant and another man, Richard Firth, who had
been apprehended at the same time. By now, the
judge suggested, matters were out of his hands,
and he recommended that the waiver of the four-
day alibi notice provision be considered the next
day, when the matter would be brought to trial
before another judge.

Trial proceeded the following day in front of
another judge. The prosecution motion for consoli-
dation was rendered unnecessary when defendant
Firth's counsel announced Firth's intention to
plead guilty to a reduced charge.

Defense counsel renewed his motion for adjourn-
ment, and was referred back to the first judge, who
apparently denied it. The prosecution again ob-
jected to late filing of the alibi notice and the
objection was sustained. Despite the ruling, de-
fense counsel filed the notice, listing four witnesses
who would sustain defendant's alibi.

During the course of the trial, defense counsel
made two other attempts to present the alibi
defense. On the first occasion, he renewed his
motion to assert the defense, and explained he had
received the alibi information from his client ten
days before trial, but because of his illness was

unable to interview the witnesses. Further, he maintained that since the purpose of a notice of alibi was to provide notice, the prosecution had that, and were now able to check out the purported witnesses. The prosecution objected, claiming this delay was caused by the defendant's own conduct, and he should not be permitted to use it for his benefit. The judge denied the motion:

"Well, this court is not inclined to give heavy reliance to rules which are essentially technical and doesn't often, but the rule requiring minimal notice to the people of so significant a defense as alibi is something more than a technical rule. I think its purpose has been demonstrated in this case. For that reason, the motion is denied."

The trial progressed. Shortly before the prosecution called its two last witnesses, defense counsel suggested that denial of the motion to present the alibi defense referred only to the charge to the jury. He should, therefore, he argued, be permitted to present witnesses to show defendant was elsewhere. However, he was unable to present requested legal precedent to support this position.

Counsel requested the judge to use his discretion and to admit the evidence anyway. The judge denied the request:

"In view of those circumstances, there appears to be no justification for the notice not having been given to the prosecutor according to the legislative intention. Certainly, the giving of the notice on the day of the trial, which is three months after the alleged event where counsel is present and retained, is not, in this court's judgment, valid excuse.

"The order will be, gentlemen, that the statute be complied with and I direct defendant and counsel for both sides not to suggest to the jury, directly or indi-

rectly, through any evidence offered by the defendant or any other witness, that alibi is the defense. That order is made, exercised in the court's discretion and consistent with MSA 26.1044."

The court also instructed counsel to be sure defendant himself did not refer to alibi in his testimony. The defense rested without presenting evidence. Defendant was convicted and sentenced to 10 to 25 years imprisonment. The Court of Appeals affirmed without discussion in a memorandum opinion. We granted leave to appeal June 24, 1974. 392 Mich 751; 219 NW2d 433.

## II—THE STATUTE

At the time of trial, the statute requiring defense counsel to file a notice of alibi not less than four days before trial did not require automatic exclusion of the evidence. Instead, the statute required the court to use its discretion to determine whether the preclusion sanction was warranted by a particular failure to timely file.[1]

---

[1] The statute has since been revised. A comparison of the old and new language indicates that, among other changes, the preclusion sanction is now mandatory. The new statute reads:

"(1) If a defendant in a *felony* case proposes to offer in his defense testimony to establish an alibi on behalf of the defendant or testimony of the insanity of the defendant at the time of the alleged offense the defendant shall at the time of the arraignment on the information or within 15 days after that arraignment but not less than 10 days before the trial of the case, or at such other time as the court directs, file and serve upon the prosecuting attorney in the case a notice in writing of his intention to claim that defense. The notice shall contain, as particularly as is known to the defendant or the defendant's attorney, the names of witnesses to be called in behalf of the defendant to establish that defense. Where the defendant proposes to establish an alibi defense, the defendant's notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.

"(2) Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, or at such other time as the court may direct, the prosecuting attorney shall file and serve upon the

The pertinent statutory language at the time of this case read:

"Whenever a defendant in a criminal case not cognizable by a justice of the peace shall propose to offer in his defense testimony to establish an alibi on behalf of the defendant, or of the insanity of such defendant either at the time of the alleged offense or at the time of trial, such defendant shall at the time of arraignment or within 10 days thereafter but not less than 4 days before the trial of such cause file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to claim such defense and the

---

defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case.

"(3) Both the defendant and the prosecuting attorney shall be under a continuing duty to disclose promptly the names of additional witnesses which come to the attention of either party subsequent to filing their respective notices as provided in this section. Upon motion with notice to the other party and upon a showing by the moving party that the name of additional witness was not available when the notice required by subsections (1) or (2) was filed and could not have been available by the exercise of due diligence, the additional witness may be called by the moving party to testify as a witness for the purpose of establishing or rebutting an alibi or insanity defense." MCLA 768.20; MSA 28.1043. (Emphasis added.)

(The following section is completely new.)

"(1) If the defendant fails to file and serve the written notice prescribed in section 20, the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi or insanity of the defendant. If the notice given by the defendant does not state, as particularly as is known to the defendant or the defendant's attorney, the name of a witness to be called in behalf of the defendant to establish a defense specified in section 20, the court shall exclude the testimony of such a witness which is offered by the defendant for the purpose of establishing that defense.

"(2) If the prosecuting attorney fails to file and serve a notice of rebuttal upon the defendant as provided in section 20, the court shall exclude evidence offered by the prosecution in rebuttal to the defendant's evidence relevant to a defense specified in section 20. If the notice given by the prosecuting attorney does not state, as particularly as is known to the prosecuting attorney, the name of a witness to be called in rebuttal of the defense of alibi or insanity, the court shall exclude the testimony of such a witness which is offered by the prosecuting attorney for the purpose of rebutting that defense." MCLA 768.21; MSA 28.1044.

names of witnesses to be called in behalf of such defendant to establish such defense known to him at that time. Names of other witnesses may be filed and served before or during the trial by leave of the court and upon such conditions as the court shall determine. In cases of a claimed alibi such notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense." MCLA 768.20; MSA 28.1043.

"In the event of the failure of a defendant to file the written notice prescribed in the preceding section, the court may in its discretion exclude evidence offered by such defendant for the purpose of establishing an alibi or the insanity of such defendant as set forth in the preceding section." MCLA 768.21; MSA 28.1044.

The United States Supreme Court has recently upheld the constitutionality of requiring a notice of alibi, *Williams v Florida,* 399 US 78, 83; 90 S Ct 1893; 26 L Ed 2d 446 (1970), but did not reach the question of the constitutionality of the preclusion sanction.[2] Three years later, when the Court invalidated an alibi notice statute for failure to provide reciprocal discovery, *Wardius v Oregon,* 412 US 470, 472; 93 S Ct 2208; 37 L Ed 2d 82 (1973), it once again did not reach the preclusion issue.[3] Since defendant at trial in the instant case contested only the discretion of the trial judge under the statute, it is not necessary for this Court, too,

---

[2] "We emphasize that this case does not involve the question of the validity of the threatened sanction, had petitioner chosen not to comply with the notice-of-alibi rule. Whether and to what extent a State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising Sixth Amendment issues which we have no occasion to explore. *Cf.* Brief for *Amicus Curiae* 17–26. It is enough that no such penalty was exacted here." 399 US 78, 83, n 14.

[3] "Petitioner also argues that even if Oregon's notice-of-alibi rule were valid, it could not be enforced by excluding either his own testimony or the testimony of supporting witnesses at trial. But in light of our holding that Oregon's rule is facially invalid, we express no view as to whether a valid rule could be so enforced. *Cf. Williams v Florida, supra,* at 83 n 14" 412 US 470, 472, n 4.

to decide the constitutionality of the preclusion sanction at this time.

## III—APPLICATION OF ALIBI STATUTE

According to the United States Supreme Court, the rationale behind the notice of alibi statute is that

"[T]he ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Wardius v Oregon,* 412 US 470, 473; 93 S Ct 2208, 2211; 37 L Ed 2d 82, 87.

Further, "[g]iven the ease with which an alibi can be fabricated the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate". *Williams v Florida,* 399 US 78, 81; 90 S Ct 1893, 1896; 26 L Ed 2d 446, 450. Thus, the statute "was not intended as a disparagement of the defense", *Connery v State,* 499 P2d 462, 465 (Okla Crim App, 1972), but "statutes providing for the defense of alibi are intended to erect safeguards against its wrongful use and give the prosecution time and information to investigate the merits of such defense". *State v Martin,* 2 Ariz App 510, 514–515; 410 P2d 132, 136–137 (1966). The procedure is "for the benefit and protection of the public". *People v McFadden,* 347 Mich 357, 363; 79 NW2d 869, 872 (1956).

State judgments as to the appropriate time for such notice differ, from, for example, the day of arraignment,[4] to three days before trial,[5] seven

---

[4] *Gray v State,* 40 Wis 2d 379, 384; 161 NW2d 892, 895 (1968).

[5] *Johns v Perini,* 440 F2d 577, 578 (CA 6, 1971) (citing § 2945.58, Ohio Rev Code).

days before trial,[6] four days after prosecutor's demand,[7] five days before trial,[8] or four days before trial.[9] If timely notice is not filed, most states require that the alibi notice be excluded within the discretion of the court. Statutory guidance for the exercise of such discretion varies from "for good cause shown",[10] to a requirement that "the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice to be amended".[11] Preclusion of alibi evidence is mandatory in Kansas[12] and under the new Michigan statute, fn 1, *supra.*

Discretion of judges in excluding alibi testimony in the absence of timely notice has usually been upheld. The trial court's exercise of discretion in these instances will not be disturbed[13] unless it is

---

[6] *State v Rider,* 194 Kan 398, 399; 399 P2d 564, 566 (1965).

[7] *People v Rakiec,* 289 NY 306, 307; 45 NE2d 812–813 (1942).

[8] *Connery v State,* 499 P2d 462, 464 (Okla Crim App, 1972); *State v Dodd,* 101 Ariz 234, 236; 418 P2d 571, 573 (1961); *Commonwealth v Vecchiolli,* 208 Pa Super 483, 488; 224 A2d 96, 99 (1966).

[9] MCLA 768.20; MSA 28.1043.

[10] 40 Wis 2d 379, 384; 161 NW2d 892, 895.

[11] *People v Cline,* 8 Ill App 3d 917, 921; 290 NE2d 622, 626 (1972).

[12] The evidence may be admitted within the judge's discretion, as long as notice is served before the jury is sworn. *State v Sharp,* 202 Kan 644, 649–650; 451 P2d 137, 141 (1969).

[13] *E.g.,* exercise of the preclusion sanction was upheld in *Commonwealth v Vecchiolli,* fn 8, *supra,* where the trial judge permitted defense counsel to give the district attorney the names of alibi witnesses the morning of the last day of trial, thereby waiving the five-day rule. Defense counsel submitted the names of two witnesses, but did not give the name of a third despite that witness' presence in court. Testimony of the third witness was excluded. 208 Pa Super 483, 489; 224 A2d 96, 99.

In *People v Jones,* 118 Ill App 2d 189, 193–194; 254 NE2d 843, 845–846 (1969), notice was served two days before trial when the statute required five days, and the address of a possible witness was a laundromat, not a residence. There had been seven prosecution-requested continuances before trial. No abuse of discretion was found.

Where notice was filed the day before trial in a state requiring five

"discretion manifestly unreasonable, or exercised
on untenable grounds, or for untenable reasons".
10 Wash App 468, 470–471; 519 P2d 261, 263. At
least one Court, however, has required that sur-
prise or other disadvantage must be claimed by
the prosecution, no matter how inexcusable de-
fendant's neglect, in order to justify use of the
preclusion sanction. The Court determined that
the trial judge has ample discretionary powers
other than preclusion to deal with those unduly
delaying the court's proceedings or trifling with
the judicial process. *State v Grant,* 10 Wash App
468, 474; 519 P2d 261, 265 (1974). Thus, instead of
excluding evidence, a trial court may grant a
continuance in order to permit the prosecution to
investigate the alibi defense. *E.g., Connery v State,
supra,* 499 P2d 462, 466;[14] *State v Grant,* 10 Wash
App 468, 473–474; 519 P2d 261, 265.

## IV—APPLICABLE MICHIGAN PRECEDENT

It is clear that under Michigan law a trial judge
has discretion to determine whether to grant a
continuance instead of applying the preclusion
sanction. *People v Fleisher,* 322 Mich 474, 480–
481; 34 NW2d 15 (1948).

Most cases, however, dealing with the question
of discretion in applying the alibi notice statute
have focused on the appropriateness of excluding

days notice, and the trial court suppressed the proposed testimony as
showing that defendants were not so far away from the scene of the
crime as to have made their participation impossible, no abuse of
discretion was shown. *State v Martin,* 2 Ariz App 510, 515; 410 P2d
132, 137 (1966).

[14] Here, it was noted that the prosecution did not request a continu-
ance, but merely objected because of the lack of proper notice, a
reason for excluding testimony held to be without merit. The Court
also noted that if an adjournment is granted, the court may have the
option of permitting the evidence to go to the jury, if it is otherwise
admissible. 499 P2d 462, 466.

evidence. The Court of Appeals has given trial judges broad discretion[15] in determining whether alibi evidence was indeed correctly excluded.

It is by now well-settled that a trial judge commits reversible error if he or she does not recognize that he or she has discretion and therefore fails or refuses to exercise it. *People v Jackson,* 391 Mich 323, 332; 217 NW2d 22, 26 (1974).

In the ordinary course, this is the correct approach. A motion addressed to the trial court's discretion may be reversed only upon finding an abuse of this discretion by the trial judge. *Wendel v Swanberg,* 384 Mich 468, 477; 185 NW2d 348 (1971). We set out the appropriate means for determining whether such an abuse has occurred in *People v Charles O Williams,* 386 Mich 565, 573; 194 NW2d 337, 340 (1972), which relied on the approach of the United States Supreme Court in *Ungar v Sarafite,* 376 US 575, 589; 84 S Ct 841; 11 L Ed 2d 921 (1964):

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v Alabama,* 308 US 444 [60 S Ct 321; 84 L Ed 377 (1940)]. *Contrariwise,* a *myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. Chandler v Fretag,* 348 US 3 [75 S Ct 1; 99 L Ed 4 (1954)].

---

[15] *E.g.,* in *People v Sherrod,* 32 Mich App 183, 187; 188 NW2d 221, 223 (1971), the preclusion sanction was upheld when the trial judge found the late alibi notice was due to defendant's failure to cooperate with counsel.

In *People v Tyrone Williams,* 38 Mich App 146, 147–148; 195 NW2d 771, 772 (1972), the Court of Appeals approved preclusion when defendant informed his lawyer of the alibi, but counsel did not inform the court until the first day of trial. It was further found that at the hearing to determine whether there had been ineffective assistance of counsel no appropriate evidence was offered.

There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. *The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. Nilva v United States,* 352 US 385 [77 S Ct 431; 1 L Ed 2d 415 (1957)]." 386 Mich 565, 575; 194 NW2d 337, 341–342. (Emphasis added in *Williams.)*

*Williams* dealt with defendant's request for a continuance in order to effect a substitution of counsel. We held, 386 Mich 565, 578; 194 NW2d 337, 343:

"In view of the facts that: 1) defendant was asserting a constitutional right—the right to counsel; 2) he had a legitimate reason for asserting this right—an irreconcilable *bona fide* dispute with his attorney over whether to call his alibi witnesses; 3) he was not guilty of negligence; and 4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times—we hold that the trial court abused its discretion in denying defendant's counsel's motion to withdraw and in preventing defendant from changing attorneys and granting a continuance in this case."

The issue in the instant case is no less fundamental and important than, and is analogous to, the right to counsel in *Williams.* Defendant has a right to have compulsory process for obtaining witnesses in his favor,[16] US Const, Am VI; Const 1963, art 1, § 20, and the judge's choice to invoke preclusion rather than grant a continuance jeop-

___

[16] "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v Texas,* 388 US 14, 19; 87 S Ct 1920; 18 L Ed 2d 1019 (1967).

ardizes that right. Therefore, the stricter standard
and four-part test of that case is appropriate to the
issue before us. The preclusion sanction is an
extremely severe one, and the judge's discretion in
exercising preclusion should be limited only to an
egregious case. Clearly, it would be improper to
exclude the defense where neither serious abuse of
the right on the part of defendant nor prejudice to
the people's case have been demonstrated.

The Court of Appeals, even without applying the
stricter *Williams* standard, has properly looked
closely at several instances of exclusion. Thus, in
*People v Woody,* 25 Mich App 627, 630; 181 NW2d
621, 622 (1970), no abuse of discretion was found
as long as the trial court allowed defendant's main
alibi witness to testify. Even more important, the
panel in the recent case of *People v Robinson,* 54
Mich App 704, 707; 221 NW2d 596, 598 (1974),
required more than a simple declaration that the
prosecution would be prejudiced to justify exercise
of the sanction where it appeared the prosecutor
had one week's oral notice of alibi and the wit-
nesses.

However, even under *Williams,* whether the
choice was an appropriate one varies with the
facts of each case, and must inevitably involve a
weighing of the competing interests involved.
Where the preclusion sanction is involved these
issues become: do the possible risk of false testi-
mony[17] and the interruption in the orderly admin-

---

[17] Professors Wigmore and McCormick have both argued "that the
risk of false testimony does not justify the cost of keeping otherwise
relevant evidence from the jury, given the difficulty of determining *a
priori* whether an individual is likely to speak the truth, the opportu-
nity to attack witnesses' credibility on cross-examination, and the
availability of sanctions against perjury". Note, *The Preclusion Sanc-
tion—A Violation of the Constitutional Right to Present a Defense,* 81
Yale L J 1342, 1349 (1972), citing 2 Wigmore, Evidence (3d ed), §§ 515,
576; McCormick, Law of Evidence (1954), § 71.

In striking down a Texas statute which prohibited co-principals

istration of justice justify this intrusion on defendant's right?

Obviously, there may be occasions when defendant's delaying tactics or clear disregard for the rules leave the trial court no other choice. At times, however, perhaps because of late discovery of witnesses despite a diligent search, or other circumstances beyond the control of defendant and his or her counsel, the interest of the state in fullest discovery and a fair trial for defendant might well outweigh any negative effects on the trial process.

Although the judge recognized the alibi notice statute was more than a technical rule, and indicated he had looked at the circumstances, he made no observations as to prejudice to the prosecution, or dereliction on the part of defendant. Therefore, it seems appropriate that, applying the standard we accepted in *People v Charles O Williams,* the preclusion sanction should not have been applied in the present case.

### V—WHAT IS PRECLUDED?

A further error relating to the alibi statute occurred in the instant case. The alibi statute in effect at the time of defendant's trial provided that "the court may in its discretion exclude evidence offered by such defendant for the purpose of establishing an alibi". MCLA 768.21; MSA 28.1044. The trial judge construed "evidence" to include defend-

from testifying in each other's behalf, the United States Supreme Court observed, in *Washington v Texas,* 388 US 14, 22; 87 S Ct 1920; 18 L Ed 2d 1019 (1967):

"It is difficult to see how the Constitution is any less violated [in comparison with the exclusion of all defense testimony] by arbitrary rules that prevent whole categories of defense witnesses from testifying on the basis of *a priori* categories that presume them unworthy of belief."

ant's testimony, as well as that which might have been offered by witnesses, and therefore precluded both types. This interpretation, as it is relevant to any new trial, will therefore be considered by us.

The right of a defendant to produce witnesses is part of the Michigan and United States Constitutions. Further, MCLA 763.1; MSA 28.854 provides:

"On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and meet the witnesses who are produced against him face to face."

Thus, the preclusion sanction for failure to timely file a notice of alibi creates an exception to this right.[18]

The relevant rule of statutory construction is that "where there is doubt about how inclusively a statute should be construed to apply, if the mischief that it was enacted to remedy can be perceived it will be construed to apply only so far as is needed in order to effectuate the remedy". 2A Sutherland, Statutory Construction, § 54.04, p 358. This Court has long applied the doctrine of equitable interpretation, in which, when words may have two possible meanings, "the spirit and purpose of the statute should prevail over its strict letter". *Aikens v State Department of Conservation,* 387 Mich 495, 499; 198 NW2d 304, 306 (1972). Thus, because the word "evidence" in the notice statute may be interpreted to include all evidence, not just that of witnesses for defendant, but even, perhaps,

---

[18] Other qualifications to this right have also been recognized. For example, while an accomplice or codefendant is a competent witness, a corespondent who chooses a separate trial may not be forced to testify by a defendant in another trial without his consent or request. *People v Van Alstine,* 57 Mich 69, 82; 23 NW 594, 600 (1885).

the testimony of defendant, we should examine the purpose of the alibi notice statute itself. "The purpose of the court in interpreting a statute is to give effect to the legislative intent." 387 Mich 495, 499; 198 NW2d 304, 306.

In *People v McFadden,* 347 Mich 357, 360; 79 NW2d 869 (1956), we stated that the requirement of notice of the defense of alibi "was enacted for the benefit and protection of the public". The prosecution requires time to investigate proposed witnesses. An alibi notice before trial avoids a motion for adjournment to permit such investigation and to make pretrial investigation possible. Theoretically, a prosecution may even be dropped if results are favorable to defendant. The intent therefore is to serve the interests of both parties and the public by facilitating orderly, uninterrupted trials. *State ex rel Simons v Burke,* 41 Wis 2d 129, 140; 163 NW2d 177, 183 (1968). The preclusion sanction is designed to ensure that this statutory purpose is realized.

Whether the purpose may be achieved by eliminating all testimony relevant to alibi, or only that of defendant's witnesses, is a question several states have faced.

Wisconsin, for example, interprets its alibi notice statute "to mean any testimony placing the defendant somewhere else at the time of the crime". 41 Wis 2d 129, 134; 163 NW2d 177, 179. Ohio permits the judge to exercise his or her discretion to permit defendant to testify, while excluding testimony of defense witnesses. *Johns v Perini,* 440 F2d 577, 579 (CA 6, 1971). Iowa permits defendant to

"testify not only that he did not commit the act but also that he was so far away and at such a specified place he could not have been present at the scene of the

crime. If he voluntarily elects to go further and call witnesses to testify in support of his alibi, he must then give notice required by statute." *State v Schlater,* 170 NW2d 601, 605 (Iowa, 1969).

Of greatest applicability to the instant case are attempts by other courts to reconcile the statute permitting defendant to testify and produce witnesses in his or her behalf with that permitting a preclusion sanction for failure to timely file notice of alibi. In *State v Rider,* 194 Kan 398, 401; 399 P2d 564, 567 (1965), the Supreme Court of Kansas reasoned that the sanction applied to defendant's own testimony:

"Section 10 of the Bill of Rights of the Kansas Constitution provides in all prosecutions the accused shall be allowed to appear and defend in person, or by counsel; to meet the witness face to face, and to compel attendance of witnesses in his behalf. This provision is a mere statement of the common law and does not make a defendant competent to testify in his own behalf. Our legislature recognized the deficiency that under the common law a defendant was incompetent to testify in his own defense, and in 1872 changed the common law by statute, now appearing as K.S.A. 61-1420, which provides that no person shall be rendered incompetent to testify in criminal causes by reason of his being the person on trial. The legislature, therefore, having the right to extend the privilege, also had the right to restrict or take away the privilege, and subsequently the legislature restricted this right to testify insofar as it pertained to an alibi unless the defendant gives the notice as provided in K.S.A. 62-1341 aforementioned."

On the other hand, New York adopted the opposite approach in *People v Rakiec,* 289 NY 306, 308–309; 45 NE2d 812, 813–814 (1942):

"If more than a reading of the language of the

statute and a consideration of its purpose were neces-
sary, rules of statutory construction would remove any
doubt as to its applicability. Thus, section 393 of the
Code of Criminal Procedure also relates to the testi-
mony of a defendant. It reads as follows: '§ 393. Defend-
ant as witness. The defendant *in all cases* may testify
as a witness in his own behalf, but his neglect or
refusal to testify does not create any presumption
against him.' [Emphasis supplied.] The section is all
inclusive. The enactment of section 393 in its original
form (L 1869, ch 678) was a milestone in the progress of
criminal jurisprudence and its object was to benefit the
accused. *(People v Hoch,* 150 NY 291, 309 [44 NE 976
(1896)]). Up to that time under the common law of
England, which we adopted following the American
Revolution, a defendant had no right to testify in his
own behalf. *(People v Courtney,* 94 NY 490 [1884]);
*People ex rel Woronoff v Mallon,* 222 NY 456 [119 NE
102, 4 ALR 463 (1918)]). Section *295-1* on the other hand
is contained in chapter III-A entitled 'Simplified Indict-
ments,' all of the sections of which relate to form and
procedure. It is a sound rule of construction that in the
absence of express language, it will be presumed that
the Legislature did not intend to defeat the main pur-
pose and object of another legislative enactment relat-
ing to the same subject *(People ex rel Wood v Lacombe,*
99 NY 43 [1 NE 599 (1885)]), nor to make a radical
change in long-established rules. *Seligman v Friedlan-
der,* 199 NY 373 [92 NE 1047 (1910)].

"These considerations confirm us in our view that the
statute is applicable only to witnesses other than the
defendant."

Although the language of our statutes differs
from those of New York, we believe the reasoning
of the New York Court is sound. While it is true
that a defendant did not have an inherent right to
testify at the common law, that disability was
limited by the Federal and Michigan Constitu-
tions, and largely eliminated by a statute. There-
fore, although the Legislature can qualify or condi-

tion this right to testify, once it has given this right, it is difficult to presume that the Legislature meant to condition it unless it said so in unambiguous terms. "[E]vidence offered" is not of itself unequivocal. This reasoning, together with the objective to be achieved by the preclusion sanction leads us to adopt the approach permitting defendant to testify.

Defendant is already in custody or, at least, available to the prosecutor. While there may be a necessity to learn something about other witnesses who have not hitherto been available, that necessity is not present where the defendant is concerned. Should defendant suddenly develop an alibi after having told a different story, he or she may be impeached by the prosecutor. Further, the chance that the finder of fact may not choose to believe defendant's unsubstantiated testimony is itself sufficient motivation to promote timely filing. In any event, whether defendant was at the scene of the alleged crime would seem to be a fundamental question,[19] and the information should reasonably be developed early in the investigative process.

At the retrial commanded by this opinion, the defendant, even if he fails to give proper notice of alibi, will be allowed to testify himself.

## VI—CONCLUSION

Evidence of alibi was improperly precluded in

---

[19] As the Court of Appeals noted in *People v Robinson,* 54 Mich App 704, 707; 221 NW2d 596, 598 (1974):

"While the record is silent as to whether the prosecutor knew the place the defendant claimed to have been at the time of the alleged offense, it is clear that a question to the defendant's counsel or the identified witness would have elicited this information. These circumstances indicate beyond a reasonable doubt that the people's case could not have been prejudiced but for the prosecutor's failure to investigate the information on hand * * * ."

this case where neither egregious fault by defendant nor prejudice to the people's case was shown. Even where the statute is properly applied and alibi witnesses are excluded, the defendant must still be permitted to testify about the existence of an alibi defense.

The Court of Appeals and the trial court are reversed. We remand for a new trial.

KAVANAGH, C. J., and LEVIN, J., concurred with WILLIAMS, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

COLEMAN, J. *(dissenting).* Undergirding the majority opinion are two significant extensions of present case and statutory law as to alibi witnesses which give rise to this dissent. In fact, the relevant statute[1] as well as its successor which is the present statute[2] would be rendered virtually meaningless.

In this armed robbery case, notice of alibi was presented on the day of trial. Defendant claims that the judge abused his discretion (1) in not allowing a continuance and (2) not allowing him to testify as to his alibi.

First, the majority rely primarily upon *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972). However, a considerable expansion of that rationale is necessary to the result.

Second, we do not agree that the statute in effect in 1972 should be interpreted to permit a defendant to raise the defense of alibi during trial when he has failed to give prior notice as required

---

[1] MCLA 768.20, 768.21; MSA 28.1043, 28.1044.

[2] MCLA 768.21; MSA 28.1044 as amended by 1974 PA 63.

by law. The majority opinion sweeps into its ambit and renders impotent the new statute which provides· with specificity for fairness to people and defendant:

"If the defendant fails to file and serve the written notice prescribed in section 20, the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi * * * ."

Section 20 affords discretion to the judge to continue the matter under given circumstances.

I.

Justice Williams urges a standard for judging abuse of discretion more strict than that stated in *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959), as follows:

"We have held repeatedly, and we again hold, that we will not interfere with * * * discretion * * * in these cases unless a clear abuse thereof is manifest in the result reached below * * * . Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." 355 Mich 382, 384–385.

However, the finding of an abuse of discretion under the facts of *Williams* is cited favorably:

"In view of the facts that: 1) defendant was asserting a constitutional right—the right to counsel; 2) he had a legitimate reason for asserting this right—an irreconcilable *bona fide* dispute with his attorney over whether to call his alibi witnesses; 3) he was not guilty of negligence; and 4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times—we hold that the trial court abused its discretion in denying defendant's counsel's motion to withdraw and in preventing defendant from changing attorneys and granting a continuance in this case."

Even assuming the *Williams* finding was appropriate to that case, we find it inapposite to the facts now under scrutiny. Here, delay was not requested because of the assertion of any constitutional right (right to counsel in *Williams*); there was no dispute as to the calling of witnesses; defendant and also his counsel were guilty of negligence (or delaying tactics).

The trial judge exercised discretion and stated the reasons:

*"In view of those circumstances, there appears to be no justification for the notice not having been given to the prosecutor according to the legislative intention. Certainly, the giving of the notice on the day of the trial, which is three months after the alleged event where counsel is present and retained, is not, in this court's judgment, valid excuse.*

"The order will be, gentlemen, that the statute be complied with and I direct defendant and counsel for both sides not to suggest to the jury, directly or indirectly, through any evidence offered by the defendant or any other witness, that alibi is the defense. *That order is made, exercised in the court's discretion and consistent with MSA 28.1044."* (Emphasis added.)

This is an adequate expression by the court that (1) defendant did not have a legitimate reason for

failure to file notice of alibi until the date of the trial when the court, counsel, jurors, witnesses and others were gathered; and (2) defendant was guilty of negligence in failure to comply with the statute.

Regardless, we are not convinced that the *Williams* case, relied upon by the majority (erroneously in my opinion), is correct under Michigan law. The majority opinion and *Williams* urge that discretion in denying a continuance should be judged by a stricter standard in criminal cases, as opposed to civil cases. Such an argument ignores both a court rule and a statute, neither of which were discussed by *Williams* or the majority opinion in the instant case.

MCLA 768.2; MSA 28.1025 provides:

"The trial of criminal cases shall take precedence over all other cases; but this provision shall not be interpreted to mean that trials of civil cases shall not be interspersed between trials of criminal cases triable before a jury at any term of court. *No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record:* Provided, That no court shall adjourn, continue or delay the trial of any criminal cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to said court to be entered upon the record, that the reasons for such consent are founded upon strict necessity and that the trial of said cause cannot be then had without a manifest injustice being done." (Emphasis added.)

GCR 1963, 503.1 provided at the time of trial:

"It is the policy of this rule to encourage the diligent preparation and trial of cases. *Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving*

*party* and the court finds that substantial justice more nearly will be obtained." (Emphasis added.)

Thus, the Legislature has provided that continuance be granted on the same grounds as in civil actions. (The Court by this case has decided the opposite.) GCR 503.1 has provided that continuance *not* be granted where it arises out of the party's fault or negligence. (This Court has added other criteria to the end that it makes no difference who is at fault.) Many Michigan cases have recognized application of our legislative and GCR standard for judging abuse of discretion in criminal cases.[3]

---

[3] *See People v Fleisher,* 322 Mich 474; 34 NW2d 15 (1948) in which this Court upheld a denial of a motion for continuance where defendant's wife, his only alibi witness, was ill for several months and the motion was not heard until the day before trial. The Court noted:

"Obviously Selik had knowledge of his wife's illness during all the time intervening since August 26th, on which date she was hospitalized. Also, he knew that his wife was his only available alibi witness who could corroborate his testimony in that respect. *That he did not advise his counsel of Mrs. Selik's condition until just shortly prior to the service of the motion for continuance ought not to enable Selik to take advantage of his self-made situation with which he confronted the trial court.* * * * [Defendant] was not entitled to have his wife's testimony at the trial as an alibi witness, because he failed to comply with the statute * * * ." (Emphasis added.)

Similarly, in *People v Kotek,* 306 Mich 408; 11 NW2d 7 (1943), this Court observed:

" 'The matter of delaying a trial to enable a party to get his witnesses is one so peculiarly within the discretion of the trial judge, that we should not feel warranted in reviewing said discretion, except in a very extreme case.' *Gold v Detroit United Railway,* 169 Mich 178, 180 [134 NW 1118 (1912)].

" 'It was entirely within the discretion of the court to refuse a delay for the purpose of procuring witnesses. * * * The judge was possessed of all the facts, and was in a far better position than are we to judge of the propriety of a delay.' *People v Foote,* 93 Mich 38 [52 NW 1036 (1892)]."

In *People v Knox,* 364 Mich 620; 111 NW2d 828 (1961), this Court commented: "It has been repeatedly recognized by this Court that a trial judge has discretion in granting or refusing a motion [for continuance], and that this Court will not interfere unless there has been a palpable abuse of such discretion."

*Also see, People v Eamaus,* 207 Mich 442; 174 NW 177 (1919).

As Justice WILLIAMS states, "[d]iscretion of judges in excluding alibi testimony in the absence of timely notice has usually been upheld" in Michigan and elsewhere on both state and federal levels. He also says, "[t]he trial court's exercise of discretion in these instances will not be disturbed unless it is 'discretion manifestly unreasonable, or exercised on untenable grounds'". Much precedent is cited for these statements. We agree.

In Michigan, the courts have been consistent.[4] Two members of this Court while in the Court of Appeals have upheld the required notice of alibi. See *People v Ware,* 28 Mich App 434; 184 NW2d 533 (1970); *People v Chamberlain,* 15 Mich App 541; 166 NW2d 815 (1969); *People v Tyrone Williams,* 38 Mich App 146; 195 NW2d 771 (1972). In *Williams,* the Court of Appeals noted that defendant

"informed the judge of his wish to present an alibi defense on the first day of trial. At that time the judge questioned Williams and Williams said that 'three weeks ago' he had informed his lawyer of his alibi defense. The judge determined that there had been ample opportunity to present timely notice of alibi. In such circumstances the judge justifiably refused to permit Williams to introduce witnesses in support of his alibi."

Under any standard so far proposed, the trial judge properly exercised his discretion.

[4] *See People v McFadden,* 347 Mich 357; 79 NW2d 869 (1956); *People v Longaria,* 333 Mich 696; 53 NW2d 685 (1952); *People v Sherrod,* 32 Mich App 183; 188 NW2d 221 (1971); *People v George Johnson,* 5 Mich App 257; 146 NW2d 107 (1966); *People v Watkins,* 54 Mich App 576; 221 NW2d 437 (1974); *People v Williams,* 11 Mich App 62; 160 NW2d 599 (1968); *People v Crawford,* 16 Mich App 92; 167 NW2d 814 (1969). For examples of the many Court of Appeals cases recognizing the trial judge's discretion, see *People v Barbara,* 23 Mich App 540; 179 NW2d 105 (1970), *People v Ciatti,* 17 Mich App 4; 168 NW2d 902 (1969), *People v McClendon,* 21 Mich App 142; 175 NW2d 340 (1970), *People v Rastall,* 20 Mich App 264; 174 NW2d 33 (1969), *People v DerMartzex,* 29 Mich App 213; 185 NW2d 33 (1970).

## II.

Most importantly, we cannot agree that defendant should be enabled to do indirectly what he cannot do directly, to wit: trap the prosecutor by surprise alibi testimony of his own at the time of trial.

The reasoning of my colleagues results in precisely the ill sought to be avoided by statute and court rule. If followed, the statutes and court rules minimize the probability of "gamesmanship", delaying tactics, wasted resources and last-minute fabrications by defendant as well as of surprise alibi testimony by the defendant.

## CONCLUSION.

"Fair trial" is a two-edged sword and should be designed to insure fairness to both defendant and people. By the majority opinion, defendant could personally interject a concocted alibi defense at any point in trial and leave the people without opportunity to investigate and rebut. It is a one-sided rule which is not likely to bring about fundamental fairness. It is a rule which invites abuse. Also, it is the more injurious because it would encompass as well the successor statute now in effect. The so-called "preclusion sanction" rationale would apply equally to the prior statute and the present version.

We agree with the first paragraph of III of the majority opinion which cites precedent in support of the requirement of notice prior to the use of alibi evidence. Alibi evidence can be easily fabricated. "[S]afeguards against its wrongful use" must be erected. Requirement of notice is "for the benefit and protection of the public".

To allow alibi testimony from any source without adequate notice would allow a distortion of the truth.

For the reasons above, we would affirm.

Fitzgerald, J., concurred with Coleman, J.