*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TYLER WAYNE JUDY,

      Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 363867
Lenawee Circuit Court
LC No. 2019-019385-FH

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing[1] to two terms of one day to life imprisonment for two convictions of indecent exposure as a sexually delinquent person, MCL 750.335a(2)(c). We affirm.

Defendant argues he is entitled to resentencing because: (1) the trial court failed to consider all sentencing options at resentencing, (2) he did not waive his right to be physically present at resentencing, and (3) if he is entitled to resentencing, it should be before a different trial court judge.

We first address defendant's argument that he is entitled to resentencing because the trial judge failed to consider all sentencing options. Defendant was convicted of two counts of indecent exposure as a sexually delinquent person. MCL 750.335a(1) ("A person shall not knowingly make

---

[1] Defendant was initially resentenced on November 17, 2021. However, unknown to defendant's counsel, the prosecutor, or the trial court, on November 15, 2021, defendant filed a pro se application for leave to appeal with the Supreme Court, challenging this Court's holding on the nonsentencing issues. This Court determined, in a separate appeal, that the trial court lacked jurisdiction to resentence because of the pending appeal, vacated the initial resentencing, and remanded for a second resentencing. *People v Judy*, unpublished order of the Court of Appeals, entered September 13, 2022 (Docket No. 359844).

any open or indecent exposure of his or her person or of the person of another.") The statute provides the following penalties:

> (2) A person who violates subsection (1) is guilty of a crime, as follows:
>
> (a) Except as provided in subdivision (b) or (c), the person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both.
>
> *  *  *
>
> (c) If the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life. [MCL 750.335a(2)(a) and (c).]

With respect to sentencing sexually delinquent persons, "[a] court may impose (1) the applicable penalty laid out in § 335a(2)(a) or (b), along with any applicable sentence enhancements or (2) the 1 day to life sentence in § 335a(2)(c)." *People v Arnold*, 508 Mich 1, 25; 973 NW2d 36 (2021) (quotation marks omitted). A trial court must sentence sexually delinquent persons who violate MCL 750.335a(1) according to the statute, not according to the sentencing guidelines. *Id*. at 25.

The issue is whether the trial court knew it had these options when resentencing defendant. "It is by now well-settled that a trial judge commits reversible error if he or she does not recognize that he or she has discretion and therefore fails or refuses to exercise it." *People v Merritt*, 396 Mich 67, 80; 238 NW2d 31 (1976). Here, as noted, the trial court determined that defendant was a sexually delinquent person and in light of *Arnold* resentenced him to one day to life in prison. Defendant contends the trial court committed reversible error because it failed to recognize it had the option to sentence him to imprisonment for not more than one year, because the trial judge said at sentencing that "[t]he statute and the case law indicate that I can only sentence to one day to life with the Michigan Department of Corrections. And that is what I will be doing with enhancement because I do feel it's appropriate."

If that statement was the only record evidence, we might agree that the trial judge's use of the word "only" implied a lack of awareness of having sentencing options. However, immediately after the statement, the prosecutor clarified the trial judge's statement, noting:

> You indicated in your sentence that you only had the ability to sentence him to one day to life. The *Arnold* case actually allows you to sentence—or in the statute itself allows you to sentence him to one year, the misdemeanor one year, as well as the two year, if it applies, or if either of those applies or the Court deems it appropriate. So I just want to clarify for the record that that was considered and that you are opting for the one year to life.

The trial court replied: "Yeah, I'm going to go with the one day to life[.]" In light of this complete statement, in context the record shows the trial court was aware it had sentencing options, considered them, and selected one from among them. Indeed, the English idiom "I'm going to go with" implies the trial court considered its options and chose from amongst them. The prosecutor's

clarification, and the trial court's response to that clarification, established that the trial court did not commit error.

Defendant next argues he is entitled to resentencing because he did not waive his right to be physically present at sentencing. "[A] criminal defendant has a constitutional right to be present at any stage of a trial during which substantial rights might be adversely affected, including during sentencing." *People v Anderson*, 341 Mich App 272, 281; 989 NW2d 832 (2022). The *Anderson* Court held: "[D]efendants have a constitutional right to appear physically at their felony sentencings and that virtual appearance is not a suitable substitute." *Id*. at 282. This Court reasoned:

> Sentencing by video dehumanizes the defendant who participates from a jail location, unable to privately communicate with his or her counsel and likely unable to visualize all the participants in the courtroom. Moreover, a courtroom is more than a location with seats for a judge, jury, witnesses, defendant, prosecutor, defense counsel and public observers. The courtroom setting provides a dignity essential to the process of criminal adjudication. Isolating a defendant from that setting during what may be the most decisive moment of his or her life clashes with the judge's duty to acknowledge the humanity of even a convicted felon. [*Id*. at 282-283 (quotation marks and citation omitted).]

As in *Anderson*, defendant appeared remotely at resentencing where he had a right to be physically present. "Although defendant failed to preserve his constitutional claim of error, he has established that the trial court committed a constitutional error, i.e., plain error." *Anderson*, 341 Mich App at 283. As such, defendant satisfied the first two prongs of plain-error analysis by showing he was entitled to be physically present at sentencing, which he was not, unless he specifically waived that right, which he did not. *Id*. at 280.

The issue is whether the plain error affected defendant's substantial rights under the third prong of plain-error review. *Anderson*, 341 Mich App at 279. It did not. As in *Anderson*, "[d]efendant does not assert that the plain error affected the outcome of the trial court's determination of his sentence for the offense for which he had been found guilty. Instead, he challenges the fairness and integrity of the sentencing proceedings because he was not physically present." *Id*. at 284. The *Anderson* Court held: "Defendant's remote participation in the sentencing was not a structural error. His physical absence from the courtroom—but actual participation in the sentencing—did not restrict defendant's ability to put in evidence or argument in favor of a low sentence." *Id*. at 285. "Nor did defendant's remote participation affect the composition of the record or otherwise undermine the fairness of the criminal proceeding as a whole." *Id*.

The same is true here. Defendant and his counsel actively participated in his resentencing. Both were able to make arguments in support of defendant's position. Defendant allocuted, and the trial court clearly explained its reasoning. Further, like in *Anderson*, the "trial court appeared to have no difficulty listening to defendant, and it was familiar with him . . . . The record reflects that defense counsel appeared well prepared and able to fully represent defendant's interests." *Anderson*, 341 Mich App at 287. Indeed, defendant has presented no evidence that his sentence would have been different had he been physically present. Accordingly, "there was not a

reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (quotation marks and citation omitted). In sum, because defendant has failed to satisfy the third prong of the plain-error test, his argument fails and he is not entitled to resentencing. *Id.* at 279.[2]

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[2] Defendant suggests we should disregard the holding in *Anderson* because of a potential different result in *People v Enciso*, 509 Mich 937 (2022). However, leave has since been denied in both *People v Enciso*, 989 NW2d 243 (2023), and in *People v Anderson*, 993 NW2d 835 (2023), defeating any contention we should refuse to rely on *Anderson*, which is binding under the court rule, MCR 7.215(C)(2).