PEOPLE *v.* SHERROD

1. CRIMINAL LAW — DISTRICT COURT — JURISDICTION — ENFORCING ORDERS.

   The district court lost whatever jurisdiction it had to enforce its order that the prosecution fix the date, time, and place of the alleged offense upon which reliance would be placed at trial when it filed its return to the circuit court (MCLA § 766.13).

2. CRIMINAL LAW—SPECIFICS OF OFFENSE CHARGED—PROSECUTOR'S DISCLOSURE—APPEAL AND ERROR.

   A defendant will not be heard to complain of not knowing the date, time, and place of the offense charged to be relied on by the prosecution at trial, thus allegedly hindering his preparation of the defense of alibi, where he had created the situation by his own inaction by failing to move the circuit court for an order compelling the prosecution to fix the date, time, and place (MCLA §§ 768.20, 768.21).

3. CRIMINAL LAW — DEFENSES — ALIBI — NOTICE — EXCLUDING WITNESSES.

   Precluding defendant from presenting alibi witnesses at trial was not an abuse of discretion where, because of defendant's failure to cooperate with his counsel, the initial request to allow the witnesses was on the day of trial, the defendant had given no previous notice to the prosecution of his alibi defense and witnesses, and where the prosecution witnesses testified to the same date, time, and place of the offense charged as they had at the preliminary examination, held several months before the trial (MCLA §§ 768.20, 768.21).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 376 *et seq.*
[2] 41 Am Jur 2d, Indictments and Informations § 159 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal Law § 137.

4. Criminal    Law—Defenses—Alibi—Statutes—Constitutional
Law.

The alibi statute, which requires the defendant to give the
prosecution notice of his alibi defense, witnesses to be called,
and specific information as to the place at which the accused
claims to have been at the time of the offense charged, does
not violate due process on the ground that it fails to require
the prosecution to specify the date, time, and place of the
offense charged (MCLA §§ 768.20, 768.21).

Appeal from Muskegon, Charles A. Larnard, Jr.,
J. Submitted Division 3 October 9, 1970, at Grand
Rapids. (Docket No. 8093.) Decided March 30,
1971.

Curtis Sherrod was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Paul M. Ladas*, Prosecuting Attorney, *Fredrick A. Grimm, Jr.*, Chief
Assistant Prosecuting Attorney, and *Michael J.
Flynn*, Assistant Prosecuting Attorney, for the
people.

*A. Winton Dahlstrom*, for defendant.

Before: Holbrook, P. J., and R. B. Burns and
J. J. Kelley, Jr.,* JJ.

Per Curiam. Appealing his jury conviction of
armed robbery,[1] defendant poses substantially two
questions.

I. Should the trial court have permitted the defendant to call alibi witnesses although no notice of
alibi was given?

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

The alibi statute[2] reads as follows:

"Sec. 20.   Whenever a defendant in a criminal case not cognizable by a justice of the peace shall propose to offer in his defense testimony to establish an alibi on behalf of the defendant,   *   *   *   such defendant shall at the time of arraignment or within 10 days thereafter but not less than 4 days before the trial of such cause file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to claim such defense and the names of witnesses to be called in behalf of such defendant to establish such defense known to him at that time. Names of other witnesses may be filed and served before or during the trial by leave of the court and upon such conditions as the court shall determine. In cases of a claimed alibi such notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.

"Sec. 21.   In the event of the failure of a defendant to file the written notice prescribed in the preceding section, the court may in its discretion exclude evidence offered by such defendant for the purpose of establishing an alibi   *   *   *   of such defendant as set forth in the preceding section."

The complaint filed in district court alleged the offense on a named victim at Muskegon Heights on or about February 21, 1969. At the preliminary examination, during which the defendant was personally present and was represented by counsel who cross-examined the witnesses, the victim and other persons testified more exactly to the date, hour, and place. At the conclusion of the examination the district judge ordered the prosecutor to notify counsel for defendant within 10 days as to the date,

---

[2] MCLA §§ 768.20, 768.21 (Stat Ann 1954 Rev §§ 28.1043, 28.1044).

time, and place on which reliance would be placed at trial, and bound the defendant over for trial.

At the defendant's arraignment six days later he stood mute. Neither at the arraignment nor during the intervening 3-1/2 months until the trial did the defendant give notice of alibi or take any action to require the prosecutor to fix the date, time, and place on which reliance would be placed.

Assuming that the district court had authority to make the order as to fixing of the date, time, and place within 10 days after the preliminary examination, that court lost jurisdiction to enforce its order upon the filing of its return to circuit court. MCLA § 766.13 (Stat Ann 1954 Rev § 28.931); *In re Elliott* (1946), 315 Mich 662, 675. Had the defendant believed it necessary to fix the date, time, and place for the purpose of giving notice of an alibi defense, he should have moved the circuit court for an appropriate order either under the provisions of MCLA § 767.51 (Stat Ann 1954 Rev § 28.991) or under the court's inherent authority to act in the interests of justice. The defendant cannot now be heard to complain of a situation created by his own inaction.

The court set June 19 as the date of trial. When the defendant failed to appear for trial his bond was cancelled and a bench warrant issued for his arrest. After defendant was apprehended the court set the trial date as July 1. Defendant made no motion for a continuance.[3]

On July 1, just before the trial began, defendant's counsel requested permission to present alibi witnesses. He made the same request at the conclusion of the people's case. The court denied each request.

---

[3] MCLA § 768.2 (Stat Ann 1954 Rev § 28.1025). It is doubtful whether the defendant could have shown either that the grounds for such a motion did not arise out of his own fault or negligence or that diligent efforts had been made to secure the witnesses, as required by GCR 1963, 503.

The record sustains the court's unchallenged reasons for denial:

"It seems   *   *   *   this defendant should have advised his counsel that he had an alibi for that date and time.  Now, obviously, he didn't do this until yesterday   *   *   *   I am quite well aware of the difficulty of defense counsel   *   *   *   particularly when the defendant is in jail[4] and can't be outside helping counsel find names and getting addresses correct, so on and so forth.  But, what concerns me in this case is that this defendant did not   *   *   *   and has not, at least on the face of things, cooperated with his counsel   *   *   *   where counsel can ascertain who these alleged alibi witnesses are, what their names are, where they live, and give counsel an opportunity to have them   *   *   *   present in the time that the statute calls for,   *   *   *   to give notice to the prosecutor.  Now, I lay that lack firmly on the shoulders of the defendant.  It seems to me that the very first thing the defendant would tell his counsel, if in truth such facts existed, that I wasn't even there at that time and date.  Yet, apparently he didn't do this until yesterday."

At trial the victim and other witnesses testified to the same date, time, and place as they had testified at the preliminary examination almost four months before.  Defendant's counsel used the transcript of this examination for impeachment, but not as to these matters.

No notice having been given, because of defendant's failure to co-operate with his counsel, defendant was properly precluded from presenting alibi witnesses at the trial, whether such witnesses had

---

[4] After posting bond March 25, defendant's freedom from jail continued for approximately three months, terminating with his arrest pursuant to a warrant issued when he failed to appear on the first trial date.

been produced by the defendant or had been subpoenaed by the prosecutor at the request of defendant's counsel for the benefit of the defendant. The trial court did not abuse its discretion.

II. Does the Michigan statute which requires notice of an alibi defense deprive a defendant of his liberty without due process of law because it fails to require the prosecuting attorney to advise the defendant of details of the alleged offense?

These statutory provisions pertaining to an alibi defense protect the public[5] by preventing a defendant on trial from suddenly producing witnesses whose credibility the prosecutor had no opportunity to investigate before trial.

Defendant argues that the statute is void for want of mutuality, in that it requires the defendant to state specific information as to his whereabouts at the time of the alleged offense, but does not require the prosecutor to specify the date, time, and place of the offense.

The alibi statute does not violate due process requirements because it fails to require the prosecutor to state the date, time, and place of an alleged offense. The trial court's denial of a motion to compel the prosecutor to furnish this information might or might not result in such a violation, depending upon the circumstances of the particular case. Here, the circumstances do not even require that such a determination be made.

Affirmed.

---

[5] *People* v. *McFadden* (1956), 347 Mich 357, 362, 363.