PEOPLE v REEDY

Docket No. 85666. Submitted December 16, 1985, at Detroit. Decided
    April 21, 1986.

A complaint was lodged against defendant, Edward F. Reedy, to
    the effect that he had made five statements under oath which
    were lies and charging him with one count of perjury. The
    complaint alleged that defendant made five untrue statements
    in an affidavit used to obtain a search warrant. Following a
    preliminary hearing, defendant was bound over for trial. De-
    spite a finding by the examining magistrate that only one of
    the allegedly false statements of defendant was supported by
    sufficient evidence at the hearing, an information was filed in
    the Monroe Circuit Court reciting verbatim the five allegedly
    false statements from the complaint. Defendant moved to
    quash the information and the court, William J. Weipert, J.,
    denied the motion. Defendant appealed by leave granted. *Held:*

    An information may only allege those crimes for which
    evidence sufficient to support a finding of probable cause was
    presented at a preliminary examination.

    Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — INFORMATIONS.
    The primary purpose of a preliminary examination is to establish
    whether there is probable cause supporting the accusation, thus
    justifying binding over the accused for trial; a finding of proba-
    ble cause at a preliminary examination is a prerequisite to the
    proper filing of an information (MCL 767.42[1]; MSA 28.982[1]).

2. INDICTMENT AND INFORMATION — PRELIMINARY EXAMINATIONS.
    An information may only allege those crimes for which evidence
    sufficient to support a finding of probable cause was presented
    at a preliminary examination.

*Frank  J.  Kelley,*  Attorney  General,  *Louis  J.*

REFERENCES
Am Jur 2d, Criminal Law §§ 411-432.
See the annotations in the ALR3d/4th Quick Index under Indict-
    ment or Information.

*Caruso,* Solicitor General, *William F. Lavoy,* Prosecuting Attorney, and *Leslie J. Nearpass,* Special Prosecuting Attorney, for the people.

*Marvin Blake* and *Carl Ziemba,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

C. W. SIMON, J. On August 24, 1984, a complaint was filed against defendant Edward Reedy, alleging that he had lied in a sworn affidavit for a search warrant, thereby commiting one count of perjury, MCL 750.423; MSA 28.665. After a preliminary examination, defendant was bound over for trial on the perjury charge, and an information was filed reciting verbatim the allegations from the complaint. Defendant filed a motion to quash the information, alleging that of the five allegations of perjury listed in the information, only one had been found at the preliminary examination to be supported by the requisite amount of evidence. Defendant's motion was denied by the circuit court judge and this Court granted leave to appeal.

This case had its inception on July 19, 1984, when Monroe County Sheriff's Deputy Mary Anne Ortman met the defendant, a Wayne County Sheriff's Deputy, at approximately 8 P.M. at a K-mart parking lot. Michael Asam, a part-time farmer and confidential informant, was with the defendant. Deputy Ortman told the defendant that she had witnessed a drug transaction at a party store earlier that day and suspected another transaction was going to occur that night at a mobile home in Willow Green Trailer Park. The residents of the mobile home, Arnold and Joe Laney, were mentioned as possible drug suspects. Shortly thereaf-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ter, the defendant sent Asam to the trailer park to "reconnoiter" the area.

The defendant proceeded to call Randall Wells, another confidential informant, listed with the drug enforcement administration as SI-7-84-0077. Wells drove to the K-mart where the defendant remained, and met with him around 8:30 P.M. No one else was present. The defendant asked Wells whether he knew a Mr. Laney and whether he would be able to buy drugs from him. Wells answered affirmatively to both questions and defendant gave him $100 with instructions to go to Laney's place, buy some drugs from him, and then come back. Wells, however, thought that the defendant had said "Dulaney" and drove to a trailer park looking for the wrong person. As he was driving, however, he found a white packet in his car which was left by a previous passenger and upon testing it, discovered it was cocaine. He drove back to the K-mart, giving the defendant the packet and $20 "as change from the purchase," claiming that he had purchased the cocaine "from the person you had explained to me."

Defendant returned to the sheriff's department office and, with the help of Deputy Ortman, prepared a search warrant and affidavit in support which contained the following allegations:

> a- "he searched an unknown confidential informant identified as SI 7-84-0077 for narcotics and money prior to an alleged purchase of controlled substances;
> b- "that SI 7-84-0077 was under constant surveillance by members of the Wayne County Sheriff Department while he drove to the location of the alleged controlled substance purchase and location of the search;
> c- "that he searched said confidential informant

a second time for narcotics and money after the alleged purchase of a controlled substance;

    d- "that he performed a presumptive field test of the suspected controlled substance with positive results;

    e- "that the confidential informant informed him that he observed additional quantities of controlled substances at the residence at the time of the purchase."

Defendant then proceeded to the home of an assistant county prosecutor, who authorized a warrant. Defendant then took the affidavit to a district judge and swore that the contents of the affidavit were true. At approximately 12:30 A.M. the following morning, the defendant and other law enforcement officials executed a search warrant. The results of the search are not ascertainable from the record.

At the preliminary examination, several witnesses testified as to the relevant facts, reiterating the sequence of events set forth above. Randall Wells testified that, contrary to defendant's statement in his affidavit, defendant did not search him (Wells) before he left for the trailer park, except for a cursory pat-down. He also stated that, to the best of his knowledge, he was never under surveillance. He recalled no search of any kind upon his return to the K-mart, and denied making any statement as to his observing additional quantities of drugs at Laney's home. At the end of the preliminary examination, defendant was bound over for trial.

We are called upon in this case to examine what place the findings of the magistrate at the preliminary examination play at trial and how these findings are to be interpreted. An accused's right to a preliminary examination is provided for by

MCL 766.1; MSA 28.919. The primary purpose of the preliminary examination is to establish whether there is probable cause supporting the accusation, thus justifying binding over the accused for trial. MCL 766.13; MSA 28.931; *People v Ship,* 141 Mich App 610, 613; 367 NW2d 430 (1985). Thus, a finding of probable cause at the preliminary examination is a prerequisite to the proper filing of an information:

> An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination. If any person waives his statutory right to a preliminary examination without having had the benefit of counsel at the time and place of the waiver, upon proper and timely application by the person or his counsel, before trial or pleas of guilty, the court having jurisdiction of the cause, in its discretion, may remand the case to a magistrate for a preliminary examination. [MCL 767.42(1); MSA 28.982(1).]

The circuit court judge, in denying defendant's motion to quash, relied totally on the magistrate's opinion, which stated in part:

> And now as to the balance whether or not to bind Mr. Reedy over for trial, the court finds that the prosecution has shown by the testimony given that the offense has been committed and that there is probable cause for charging the defendant therewith. Now whether or not this evidence is proof beyond a reasonable doubt to any fact finding court in the Circuit Court or in higher courts remains to be seen. For it's not the duty of the examining magistrate to determine whether there's proof beyond a reasonable doubt but only whether there's enough proof afforded the court by

clear and convincing evidence that a crime has been committed and I so find and also that there is probable cause for charging the defendant with this particular offense of perjury as set forth in the complaint and warrant in this case.

The circuit court concluded that, because this general language indicated that the offense charged in the complaint was supported by probable cause, all five allegations of perjury could be charged in the information. This, we feel, was erroneous.

A circuit court judge should look not only at the language of the bindover determination, but also at the findings of the magistrate as contained in the preliminary examination record. Because the preliminary examination sets the parameters of the trial, the findings of the magistrate should be closely examined and should limit the scope of the charges contained in the information. The record in this case indicates that, of the five alleged false statements made by the defendant, only the final one (related to additional drugs being observed by the confidential informant) is supported by enough evidence to justify binding the defendant over for trial. This conclusion was also expressed by the magistrate during the taking of the testimony:

Now, the bare statement in this affidavit for a search warrant stating that the confidential informant informed affiant that he observed additional quantities of controlled substances at the residence at the time of the purchase is enough evidence, if believed, to bind over. And of course the affiant in this case being the defendant, so that would give probable cause. So it appears, just speaking now not of the probable cause yet, and I'm not going into that aspect of it yet, because we've not completed the testimony here, there would appear to be enough there to show evidence of a crime. Therefore the corpus delicti would be established

based on that only not on the search, not on the surveillance issue and not on any of these other allegations in there but just this thing alone and so I find that the corpus delicti by that has been barely shown to this court . . . .

Looking at the preliminary examination record as a whole, and having that strictly control the breadth of the subsequent information, is in line with the policy and purpose behind the preliminary examination. The preliminary examination plays a critical role in the trial process. The information is presumed to be framed with reference to *the facts* disclosed at the preliminary examination. *People v Kahler,* 93 Mich 625, 626-627; 53 NW 826 (1892); *People v Jones,* 75 Mich App 261, 267; 254 NW2d 863 (1977), lv den 402 Mich 822 (1977). Indeed, one of the primary purposes of the preliminary examination is to "weed out" unnecessary allegations and charges. *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972).

In precluding prosecution as to four of the five alleged false statements, the trial court's duty to guide the presentation of the facts and issues at trial is not being encroached upon. Instead, the function of the preliminary examination is being carried out in that the information, which is the starting point of the trial, is being properly framed with reference to the findings of the examining magistrate.

Pursuant to MCR 7.216(A), subds (7) and (9), the decision of the trial court is reversed and this matter is remanded to the trial court for an order quashing the information as to the first four alleged perjurious statements of the defendant. Trial shall then proceed on the charge related to the fifth statement made by the defendant as contained in the information.

Reversed and remanded for proceedings consistent with this opinion.