# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ROBBIE DESHAWN TAYLOR,

Defendant-Appellee.

FOR PUBLICATION
June 21, 2016
9:00 a.m.

No. 330497
Wayne Circuit Court
LC No. 15-005089

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

EDWARD LEE WATKINS,

Defendant-Appellee.

No. 330499
Wayne Circuit Court
LC No. 15-005089

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

In these consolidated interlocutory appeals from the same lower court file, the prosecutor appeals an order that sought to remand the case to the 36th District Court for a continued preliminary examination. We reverse and remand for further proceedings consistent with this opinion.

The prosecutor argues that the circuit court erred in remanding the case to the district court. We agree. This Court reviews de novo questions of law, including jurisdictional issues. *People v Laws*, 218 Mich App 447, 451; 554 NW2d 586 (1996).

"Where a criminal prosecution is initiated by the filing of an information rather than by indictment, the accused has a statutory right to a preliminary examination." *People v McGee*, 258 Mich App 683, 695; 672 NW2d 191 (2003), citing MCL 766.1. The district court is vested with jurisdiction to conduct preliminary examinations in all felony cases and misdemeanor cases not cognizable by the district court. MCL 600.8311(e). "If, after considering the evidence, the

-1-

court determines that probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed it, the court must bind the defendant over for trial." MCR 6.110(E); see also MCL 766.13. "The magistrate's bindover to the circuit court, after a preliminary examination or a defendant's waiver of an examination, authorizes the prosecutor to file an information. Indeed, it is the filing of the magistrate's return, following an examination or waiver by the defendant, that confers jurisdiction on the circuit court." *McGee*, 258 Mich App at 695 (citations omitted). And just as the filing of the magistrate's return confers jurisdiction on the circuit court, *id.*, it has the effect of divesting the district court of jurisdiction, *People v Sherrod*, 32 Mich App 183, 186; 188 NW2d 221 (1971).

Once a criminal case has been bound over and jurisdiction has been vested in the circuit court, there are only limited circumstances in which the circuit court may properly remand the case for a new or continued preliminary examination. If a motion to quash is filed and the circuit court determines that the evidence is insufficient to support the bindover, the circuit court is permitted to remand the case for a further examination at which the prosecutor may seek to remedy the shortcoming in the proofs needed to establish probable cause. See *People v Miklovich*, 375 Mich 536, 539; 134 NW2d 720 (1965); *People v Salazar*, 124 Mich App 249, 251-252; 333 NW2d 567 (1983). Further, a circuit court may remand the case if the defendant waived the right to a preliminary examination and a defect in the waiver existed, if for example the waiver was made without the benefit of counsel. See *People v Reedy*, 151 Mich App 143, 147; 390 NW2d 215 (1986); *People v Skowronek*, 57 Mich App 110, 113; 226 NW2d 74 (1975). The circuit court may also remand the case if the prosecutor adds a new charge on which the defendant did not have a preliminary examination. See *People v Bercheny*, 387 Mich 431, 434; 196 NW2d 767 (1972), adopting the opinion in *People v Davis*, 29 Mich App 443, 463; 185 NW2d 609 (1971), aff'd *People v Bercheny*, 387 Mich 431 (1972);[1] MCR 6.110(H) (permitting the circuit court to remand the case if there was a violation of certain rules governing the conduct of the preliminary examination or the probable cause determination).

In this case, a preliminary examination was held, and the district court elaborated in detail its findings that probable cause existed and bound defendants over for trial. The magistrate's return to the circuit court was then filed, thereby conferring jurisdiction on the circuit court, *McGee*, 258 Mich App at 695, and divesting the district court of jurisdiction, *Sherrod*, 32 Mich App at 186. In the circuit court, defendants moved to quash the information, and the circuit court denied the motions to quash and concluded that reasonable inferences from the evidence presented at the preliminary examination supported the magistrate's probable cause determination. Both defendants then moved to remand the case to the district court for a further preliminary examination on the ground that a Michigan State Police ballistics report prepared

---

[1] See also *People v Stafford*, 434 Mich 125, 138; 450 NW2d 559 (1990) (RILEY, C.J., dissenting) (citing *Bercheny* for the proposition that our Supreme Court has "acknowledged the authority of the circuit court to remand when it amends an information to include a new charge on which a defendant did not have a preliminary examination" and noting that "[i]n *Bercheny*, the Court found that the amendment of the information addressed form rather than substance and that therefore remand or rearraignment was not required.").

after the preliminary examination showed that at least three guns were used during the incident for which defendants were charged. Defendants contended that the ballistics report could have been used to cross-examine prosecution witnesses, including witness Terry Williams who testified that he heard only one gun fired during the incident. Defendants further asserted that the ballistics report supported their theory that it was impossible for defendant Edward Lee Watkins to have fired the bullet that killed Paige Neal-Walker because she was sitting in a car on the other side of the van from which Williams saw Watkins shooting. The circuit court granted the motion to remand and emphasized that defendants should have an opportunity to engage in "meaningful cross-examination" at the preliminary examination in the event that witnesses became unavailable at trial.

The circuit court erred when it remanded the case for a continued preliminary examination. Defendants did not establish any of the appropriate grounds for remanding the case. Notably, the circuit court denied defendants' motions to quash and thereby upheld the district court's finding of probable cause. It was therefore unnecessary to remand in order for the prosecutor to seek to remedy any shortcoming in the proofs. Nor was there a waiver by defendants of the right to a preliminary examination that could be deemed defective. The prosecutor did not seek to add new charges. The circuit court did not find a violation of any of the relevant rules related to the conduct of the preliminary examination or the probable cause determination. Accordingly, no grounds for remanding the case to the district court existed.

The fact that the ballistics report was prepared after the preliminary examination does not establish any of the recognized grounds for granting a remand. It bears emphasis that by denying defendants' motions to quash, the circuit court upheld the district court's finding of probable cause. See *People v Henderson*, 282 Mich App 307, 312-313; 765 NW2d 619 (2009) (noting that a district court's bindover decision is reviewed for an abuse of discretion and that "[i]n reviewing the bindover decision, a circuit court must consider the entire record of the preliminary examination and may not substitute its judgment for that of the district court."); *Reedy*, 151 Mich App at 147 ("[A] finding of probable cause at the preliminary examination is a prerequisite to the proper filing of an information[.]"). With the circuit court having already denied the motions to quash, it was then unnecessary for either the circuit court or the district court to revisit the probable cause determination.

The emergence here of potentially favorable evidence after the preliminary examination does not by itself entitle a defendant to a second or continued preliminary examination. Instead, the trial is generally the appropriate forum in which to present such evidence. The purpose of a preliminary examination is to determine whether a crime was committed and whether there is probable cause to believe that the defendant committed it. *Laws*, 218 Mich App at 451-452. "[T]he role of the magistrate is not that of ultimate finder of fact; where the evidence conflicts and raises a reasonable doubt regarding the defendant's guilt, the issue is one for the jury, and the defendant should be bound over." *Id.* at 452; see also *People v Bosca*, 310 Mich App 1, 29-31; 871 NW2d 307 (2015), appeal held in abeyance 872 NW2d 492 (2015) (holding that the

defendant's failure to obtain purportedly exculpatory evidence before the preliminary examination was irrelevant given that the district court was not the ultimate finder of fact).[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello

---

[2] We also note that defendants' premise for a new preliminary examination—that they have discovered new evidence that warrants a new look at the probable cause determination—is completely undermined because *before* the preliminary examination, defendants' attorneys had already been presented with discovery material, which indicated that three guns were used in the incident. The crime scene investigation report prepared by the Detroit Police Department stated that "72 spent casings were recovered at the scene from 3 different firearms." Indeed, defendant Robbie DeShawn Taylor's attorney explicitly referred to this fact *at the preliminary examination itself* when he told the district court that "the evidence techs have determined that there were three guns that were used at the scene." In short, then, although the Michigan State Police ballistics report was prepared after the preliminary examination, the record indisputably establishes that defendants' attorneys were well aware at the preliminary examination of the key underlying fact referenced in the ballistics report that comprised the basis of their subsequent request to remand the case for a continued preliminary examination.