*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL WINSTON DULONG,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2023

No. 363713
Monroe Circuit Court
LC No. 2014-040945-FH

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In 2014, defendant pleaded no contest to one count of larceny of a vehicle causing damage, MCL 750.356a(3). The trial court imposed a sentence of time served plus 60 months' probation. The court also tentatively set restitution at $13,624, and then increased it to $70,439 after a restitution hearing. In 2022, defendant pleaded guilty to violating his probation. The trial court revoked probation and sentenced defendant to serve 20 to 60 months in prison. Defendant now appeals the 2014 restitution order by leave granted.[1] Because this Court did not have jurisdiction to grant leave to appeal the restitution order, we dismiss this appeal.

## I. BACKGROUND

At an April 2014 plea hearing, the parties agreed that defendant would plead no contest to one count of breaking and entering a vehicle causing damage, receive a sentence of 12-months' time served and probation, and pay restitution as determined by the trial court.[2] The trial court accepted defendant's no-contest plea. The presentence investigative report (PSIR) recommended restitution in the amount of $78,984.00 be paid the victim for the items that were stolen or damaged. At sentencing, defense counsel expressed that defendant was willing to stipulate to the amount of restitution, which he acknowledged would likely be between $25,000 and $30,000.

---

[1] *People v Dulong*, unpublished order of the Court of Appeals, entered January 9, 2023 (Docket No. 363713).

[2] The parties agreed that the restitution would be "on all counts whether pled to or not."

However, defendant questioned the validity of some of the items listed in the PSIR that were not previously disclosed as stolen or damaged. Defendant was sentenced to serve 365 days' jail incarceration (time served) and 60 months' probation. In addition to fines and costs, defendant was ordered to pay restitution in the amount of $13,624, which was undisputed, "with more to be determined at a later date." The trial court ordered a hearing to determine the value of the remaining items. A restitution hearing was held in December 2014. The trial court found that the prosecution established by a preponderance of the evidence the following values for the property stolen by defendant: (1) $42,471.14 for tools and equipment, and (2) $27,968.47 for household, electronic, automotive, guns, jewelry, and collectibles. On December 16, 2014, the trial court entered an order adjusting the total restitution amount to $70,493.

More than seven years later, in March 2022, defendant pleaded guilty to violating the terms of his probation by committing a crime. The trial court accepted his plea. In a May 6, 2022 judgment of sentence, the trial court revoked defendant's probation, and imposed a prison term of 20 to 60 months. The 2022 judgment of sentence stated that probation was revoked "without full improvement or full settlement," and set a due date for payment of "[f]ines, costs, and fees," but did not mention restitution.

On November 7, 2022, defendant filed an application for leave to appeal from the May 6, 2022 order. We granted leave.

## II. ANALYSIS

Although it is undisputed that defendant timely challenged the May 2022 order as it relates to the revocation of probation, the issues raised in this appeal concern only the 2014 restitution order. We review jurisdictional issues de novo. *People v Taylor*, 316 Mich App 52, 54; 890 NW2d 891 (2016).

"The jurisdiction of the Court of Appeals is governed by statute and court rule." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). The Legislature has "granted this Court jurisdiction over certain 'orders and judgments which shall be reviewable only upon application for leave to appeal . . . .' " *Id*. at 192, quoting MCL 600.308(2). This includes "[a] final judgment or final order from the circuit court based on a defendant's plea of guilty or nolo contendere." MCL 600.308(2)(b). See also MCR 7.203(B)(1).

"The time limit for an application for leave to appeal is jurisdictional." MCR 7.205(A). To vest this Court with jurisdiction over an appeal, an application for leave to appeal a "final judgment or final order" in a criminal case must be filed within six months after entry of the order, or within 42 days of the appointment or denial of appellate counsel if the defendant requested appellate counsel within six months of the order. MCR 7.205(A)(2). A "final order" includes "the original sentence imposed following conviction[,]" and "a sentence imposed following revocation of probation." MCR 7.202(6)(b).

Defendant's challenges in this appeal all pertain to the 2014 restitution order. Although this Court granted defendant's November 7, 2022 application for leave to appeal, this Court did not have discretion to grant leave because the application was not timely filed. See MCR 7.205(A)(2). See also *Chen*, 284 Mich App at 199 (dismissing untimely appeal for lack of

jurisdiction stating, "this Court did not have the discretion to grant leave to appeal."). A court must be vigilant in respecting the limits of its jurisdiction. *Straus v Governor*, 230 Mich App 222, 227; 583 NW2d 520 (1998), aff'd 459 Mich 526; 592 NW2d 53 (1999). "The establishment of a firm deadline prevents stale applications for leave to appeal; it forces the parties to raise claims of error while the participants still have a sound grasp of the facts and events surrounding the litigation." *Chen*, 284 Mich App at 193.

Defendant argues that this Court has jurisdiction to consider his challenges to the 2014 restitution order because "the restitution order is a subordinate part of the underlying judgment of sentence." We disagree. Defendant's new criminal conduct occasioned revisiting his status as a probationer or prisoner, but had no bearing on the issue of restitution. Defendant remains responsible to fulfill the order of restitution from his 2014 sentence; that facet of his sentence was not obviated or supplanted by the 2022 sentence for his probation violation. Accordingly, we dismiss this appeal for lack of jurisdiction.[3]

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[3] Defendant further argues that we should review the matter because he has raised claims that his constitutional rights were violated at the restitution hearing. Defendant also argues that the issue whether there is a constitutional right to counsel at criminal restitution hearings is a matter of public interest likely to reoccur but evade judicial review. See *In re Parole of Hill*, 298 Mich App 404, 409-410, 827 NW2d 407 (2012) ("this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review"). Defendant's policy arguments provide no basis to disregard the rules governing this Court's exercise of its jurisdiction.