*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

MIGUEL ANGEL POZOS-SILVA,

        Defendant-Appellant.

UNPUBLISHED
May 21, 2026
9:12 AM

No. 376607
Ingham Circuit Court
LC No. 24-000876-FC

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

BOONSTRA J. (*concurring*).

I concur *dubitante* with the majority that the district court did not abuse its discretion when it bound defendant over for trial on a charge of kidnapping, MCL 750.349, and that the circuit court therefore did not err by denying his motion to quash the bindover. I write separately to emphasize that the question is a close one because the kidnapping statute does not map clearly to the facts present in this case. But I am obliged to concur because we are not tasked at this juncture with reviewing the sufficiency of the evidence supporting a conviction, but rather whether the district court abused its discretion by allowing the matter to proceed to trial.

It is less than clear whether the evidence of record would be sufficient to establish that defendant's actions interfered with JDJ's liberty so as to constitute a restraint under MCL 750.349(2).[1] The evidence reflects that defendant inappropriately touched JDJ multiple times and even grabbed him around the torso and pulled him onto a bed, but JDJ testified that he was able to brush off defendant's hand and that he was never physically restrained. MCL 750.349 does not require the restraint to be physical, but the evidence of psychological restraint was also murky. JDJ's testimony supported the conclusion that he was in a vulnerable position that night and that defendant's actions made him feel frightened and uncomfortable. But whether this constitutes a "restraint" that "interfere[d] with [JDJ]'s liberty" is doubtful. MCL 750.349(2). And

---

[1] MCL 750.349(2) provides in pertinent part: "As used in this section, 'restrain' means to restrict a person's movements or to confine the person so as to interfere with that person's liberty without that person's consent or without legal authority."

even assuming that JDJ felt constrained from leaving, the evidence that defendant *knowingly*[2] induced that feeling was slim.

I suspect that the evidence may be insufficient to establish beyond a reasonable doubt at trial that defendant kidnapped JDJ. But the evidentiary standard required for a bindover is low and the standard of review (abuse of discretion) to overturn a bindover decision is high. "The purpose of a preliminary examination is to determine whether a crime was committed and whether there is probable cause to believe that the defendant committed it." *People v Taylor*, 316 Mich App 52, 58; 890 NW2d 891 (2016). "[W]here the evidence conflicts and raises a reasonable doubt regarding the defendant's guilt, the issue is one for the jury, and the defendant should be bound over." *Id*. And when the trial court determines whether the evidence was sufficient to meet that probable-cause standard, we review the decision only for an abuse of discretion. *Id*. at 57. I therefore reluctantly conclude that the evidence presented at the preliminary examination was at least strong enough that we cannot conclude that the trial court abused its discretion by finding probable cause to bind the matter over for trial. For that reason alone, I concur.

/s/ Mark T. Boonstra

---

[2] MCL 750.349(1) defines the crime of kidnapping as requiring that the defendant "knowingly restrains another person" with the requisite intent to commit specified acts.