# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERELL MANDEL ASHFORD,

        Defendant-Appellant.

UNPUBLISHED
January 4, 2018

No. 333490
St. Clair Circuit Court
LC No. 15-002984-FC

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm, MCL 750.224f. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve concurrent prison terms of 20 to 40 years for armed robbery and 29 months to five years for felon in possession of a firearm, and a consecutive sentence of two years for felony-firearm. We affirm.

## I. ALIBI

Defendant argues on appeal that (1) he was denied the effective assistance of counsel because his attorney failed to file a notice of alibi defense, (2) the trial court abused its discretion in excluding the alibi testimony of Heather Brown, the proposed alibi witness, and (3) the trial court abridged defendant's constitutional right to present a defense by excluding Brown's alibi testimony. These arguments are without merit.

An alibi makes it impossible for a defendant to be guilty of a crime because the alibi places the defendant at a place other than where the crime was committed at the time the alleged offense occurred. *People v Holland*, 179 Mich App 184, 192; 445 NW2d 206 (1989). "An alibi witness is a person whose testimony places defendant elsewhere than at the scene of the crime." *Id*. MCL 768.20(1) requires a defendant to provide the prosecutor with advance written notice of intent to assert an alibi defense "at the time of arraignment on the information or within 15 days after that arraignment but not less than 10 days before the trial of the case, or at such other time as the court directs." The notice must contain the names of the alibi witnesses to be called and specific information regarding the place the defendant claims to have been at the time of the alleged offense so that the prosecution has the opportunity to investigate. The sanction for

failing to file and serve the required notice of alibi is that "the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi." MCL 768.21(1).

During trial, and outside the presence of the jury, defense counsel acknowledged that, although defendant informed him that Brown, who is defendant's girlfriend, was "a potential alibi witness," he never filed a notice of alibi with the prosecutor. Counsel stated that he was aware of the requirements of the statute and had discussed them with defendant. Indeed, Brown was included on defendant's witness list, and the prosecutor stated that, weeks before trial, defendant's trial counsel had "talked about pursuing or investigating [an alibi defense] as an avenue and that I could possibly anticipate getting that notice." Counsel explained, however, that he did not file the notice because Brown was not responsive to his attempts to contact her, and he was unsure of her testimony. The trial court commented that it would be improper to file a notice of alibi defense where there was not a basis for the testimony because it is necessary that the "anticipated testimony that would be forthcoming from that individual has a basis in fact." The trial court explained that it understood defense counsel's reluctance to file a notice that he did not have a reasonable basis to investigate on his own. Nonetheless, the trial court denied defendant's request to continue the trial to allow the appropriate investigations into the alibi and for defense counsel to file a notice, excluding all alibi testimony other than from defendant himself.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first claims that his counsel failed to file a notice of alibi defense, depriving him of his constitutional right to the effective assistance of counsel. We disagree.

Defendant's ineffective assistance of counsel claim is unpreserved because he failed to move for a new trial or a *Ginther*[1] hearing below. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Unpreserved claims of ineffective assistance of counsel are limited to review for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact." *Petri*, 279 Mich App at 410. "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*.

The United States and Michigan Constitutions guarantee a defendant's right to counsel. US Const, Am VI; Const 1963 art 1, § 20. This "right to counsel encompasses the right to the 'effective' assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). In order to demonstrate an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). The right to effective assistance of counsel is substantive and focuses on "the actual

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

assistance received." *People v Pubrat*, 451 Mich 589, 596; 548 NW2d 595 (1996). A counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

Defendant argues that defense counsel's failure to file a notice of alibi constituted deficient performance because, although he was aware of the name and address of the alibi witness, he failed to properly file the notice, foreclosing defendant's ability to present the alibi defense. However, a notice of alibi defense requires more than providing the name and address of the possible alibi witness. MCL 768.20(1) requires the notice to "include specific information as to the place at which the accused claims to have been at the time of the alleged offense." A notice of alibi is required in order "to enable the prosecution to investigate the merits of such a defense prior to trial and to permit the orderly progression of a criminal case without having to deal with elements of surprise and unnecessary delay." *Holland*, 179 Mich App at 201, citing *People v Merritt*, 396 Mich 67, 85; 238 NW2d 31 (1976). The purpose of the notice is to provide the facts establishing the alibi on which the prosecutor may prepare for trial.

Defense counsel's failure to file the notice of alibi defense was not deficient. As defense counsel stated on the record at trial, although he was aware of the requirements of filing an alibi notice, he could not determine whether to present the alibi defense because Brown, the potential alibi witness, did not cooperate with defense counsel's attempts to communicate with her. Therefore, defense counsel could not confirm whether Brown would testify or the contents of her testimony if she did testify. It is unreasonable to have required defense counsel to file a notice and include facts about the witness when counsel was unable to talk to that witness or determine what the alibi testimony would entail. Defense counsel stated on the record at trial that his first contact with Brown was on the second day of trial and that she "may provide some information that could potentially serve as an alibi." Defense counsel attempted to present the alibi defense as soon as it became viable. At that time, he addressed the possibility of allowing Brown to testify as an alibi witness, but the trial court denied the request.

Further, defendant could not demonstrate that the failure to present the alibi witness prejudiced him. Counsel's performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Jordan*, 275 Mich App at 667. Here, defendant was convicted primarily on the testimony of Dion Kruse, an accomplice to the crime, who described defendant's actions of discussing the robbery, displaying the gun, entering the gas station while Kruse stood in the doorway, pointing his gun at the store clerk, taking money from the register, fleeing the store, and splitting the money with him.

The clerk who was robbed, Essa Alawdi, provided a similar description of the offense, claiming the gunman pointed the gun at Alawdi's face and took money from the registers while an accomplice stood near the doors. Alawdi accurately described many of defendant's physical features. Kruse, Trooper Matthew Laimon, and Sergeant Edward Gerrow testified and corroborated Alawdi's descriptions, including those about defendant's height and facial tattoo. Both Kruse and Alawdi described defendant as wearing a white polka dot bandana over his face and a glove with red markings, which was also depicted on the surveillance video. Moreover, defendant was wearing a red and gray glove when he was arrested a few days later during what Kruse described was the initiation of a similar robbery. Kruse also stated that he and defendant

-3-

drove a silver Impala vehicle owned by Brown during both robberies. Brown testified that she owned an Impala and that defendant had permission to drive it. The police seized the black and white bandana in the trunk of the Impala at the time defendant was detained. Given the overwhelming testimony implicating defendant in the crime, defendant cannot show prejudice.

Defendant, however, argues that excluding the alibi testimony was prejudicial because it would have demonstrated that he was not present at the robbery. This argument fails. If a defendant cannot demonstrate that an excluded alibi witness would have provided exculpatory testimony, he "cannot show that there was a reasonable probability that the evidence would undermine confidence in the outcome of the trial." *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994). Defendant's trial counsel stated that Brown "*may* provide some information that could *potentially* serve as an alibi," but there was no evidence establishing that Brown would have testified that defendant was with her at the time of the robbery. When Brown testified, she could not recall whether defendant asked to use the car on the night of the robbery and stated that she went to sleep between 10:00 p.m. and 11:00 p.m. because she was not feeling well. The robbery occurred well after Brown had gone to sleep. There is nothing to support the proposition that Brown would have provided exculpatory testimony. "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Here, defendant cannot establish that his counsel was deficient or that he was prejudiced. As such, defendant fails to overcome the presumption that defense counsel was effective.

## B. EXCLUSION OF ALIBI TESTIMONY

Defendant next argues that the trial court should not have excluded Brown's alibi testimony and instead should have allowed a continuance before Brown testified. We disagree.

This Court reviews for an abuse of discretion a trial court's decision to exclude alibi testimony due to the failure to provide a timely notice of alibi. *People v Travis*, 443 Mich 668, 679-680; 505 NW2d 563 (1993). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The sanction for failing to file and serve the required notice of alibi is that "the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi." MCL 768.21(1). However, the preclusion sanction in MCL 768.21(1) is discretionary rather than mandatory. *Travis*, 443 Mich at 677-680. The Court reasoned that the time requirement language of MCL 768.20(1) allows a notice of alibi to be presented "at such other time as the court directs," thereby providing the trial court with the discretion "to fix the timeliness of notice in view of the circumstances." *Travis,* 443 Mich at 679. In *Merritt*, 396 Mich at 79-80, 82, the Court noted the "broad discretion" of the trial court to exclude alibi evidence, but stated that "[t]he preclusion sanction is an extremely severe one, and the judge's discretion in exercising preclusion should be limited only to an egregious case."

In *Travis*, the Supreme Court adopted the following test for a trial court to determine whether to exercise its discretion to exclude alibi testimony in such circumstances:

(1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case. [*Id.* at 682, quoting *United States v Myers*, 550 F2d 1036, 1043 (CA 5, 1977) (quotation marks omitted).]

Whether alibi testimony should be excluded depends on the facts of each individual case and the "weighing of the competing interests involved." *Merritt*, 396 Mich at 82. It is not proper to exclude alibi evidence "where neither serious abuse of the right on the part of defendant nor prejudice to the people's case have been demonstrated." *Id.*

Here, however, the trial court found that the prosecution would have been prejudiced by admission of Brown's alibi testimony. The trial court explained that "[n]o opportunity for the people exist[s] to investigate what is now being suggested as a possible alibi defense." The notice of alibi defense was proposed during the second day of trial and the prosecution stated that it "would have wanted the opportunity to pursue [Brown's] work records" and interview her to investigate a statement that defendant was with her because "she didn't give much of a statement" during her initial interview. Additionally, as the trial court noted, defendant's trial counsel had made defendant aware of the notice requirements and Brown did not respond to requests to contact defendant's trial counsel to discuss her testimony until during the trial. Further, Kruse's testimony and the supporting evidence offered by other witnesses strongly supported defendant's culpability of the crimes. The trial court properly weighed the *Myers* factors of prejudice to defendant, defendant's likely pretrial opportunity to disclose the evidence, and the strong evidence of his guilt in excluding Brown's possible alibi testimony. Therefore, the trial court did not abuse its discretion.

## C. RIGHT TO PRESENT A DEFENSE

Defendant further argues that excluding Brown's alibi testimony abridged his constitutional right to present a defense. We disagree.

"This Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009). However, defendant did not preserve this issue. Thus, this Court reviews this unpreserved issue for plain error. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights." *Id.* at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if the "error 'seriously affected the fairness, integrity, or public reputation of judicial proceedings' independent of the defendant's innocence." *Id* at 763-764.

The United States Constitution provides criminal defendants with the right "to present a complete defense." US Const, Ams VI, XIV; *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). Rules excluding evidence that are "arbitrary or disproportionate to the

purposes they are designed to serve" may not limit or infringe on a defendant's right to present a defense. *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012) (quotation marks and citation omitted). Excluding relevant and competent evidence that is "central to the defendant's claim of innocence" denies the defendant's basic rights unless there is a "valid state justification." *Crane v Kentucky*, 476 US 683, 690-691; 106 S Ct 2142; 90 L Ed 2d 636 (1986).

In this case, defendant's right to present his alibi was plainly limited by the application of MCL 768.21(1). However, the right to present a defense is "not an absolute right," and "[t]he accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Kowalski*, 492 Mich at 139, quoting *Chambers v Mississippi*, 410 US 284, 302; 93 S Ct 1038; 35 L Ed 2d 297 (1973) (quotation marks omitted). MCL 768.20 is an "established rule[] of procedure," *Travis*, 443 Mich at 676, "designed to assure both fairness and reliability in the ascertainment of guilt and innocence" because it benefits and protects the public by preventing the surprise introduction of an alibi defense and allowing the prosecution time and information to investigate the defense. *Id.*; *Merritt*, 396 Mich at 77 (citations omitted). Properly applied, the alibi notice requirement does not deprive the defendant of a right to present a defense, rather "it has imposed upon him reasonable conditions in the interest of protecting [the state] against an eleventh-hour defense." *People v Jackson*, 71 Mich App 395, 398-399; 249 NW2d 132 (1976) (internal quotation marks and citation omitted).

Defendant failed to comply with the requirements of MCL 768.20, and the trial court properly excluded Brown's possible alibi testimony at trial. Therefore, the trial court did not violate defendant's right to present a defense.

## II. SCORING OFFENSE VARIABLES

Next, defendant argues that the trial court erred in scoring offense variables (OVs) 1 and 14. We disagree.

The Court reviews the trial court's factual determinations at sentencing for clear error, and the findings must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. While defendant preserved his challenge to the scoring of OV 14 by objecting below, no such objection was made to OV 1. This Court may review unpreserved scoring errors for plain error. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). A trial court relies on inaccurate information when it sentences a defendant by consulting an inaccurate sentencing guidelines range. *Id*. at 89 n 7. The trial court must consult the advisory sentencing guidelines and assess the highest amount of possible points for all offense variables. *People v Lockridge*, 498 Mich 358, 392 n 28; 870 NW2d 502 (2015). The trial court's determinations must be supported by a preponderance of the evidence. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Following the *Lockridge* decision, the offense variables may continue to be

scored based on facts found by the trial judge, and not found by the jury or admitted by defendant, because *Lockridge* explicitly allowed for judicial fact-finding. *Lockridge,* 489 Mich at 391, 392 n 28.

Defendant argues that OV 1 was incorrectly scored at 15 points because the gun was not loaded and therefore no one was placed in danger from the use of a gun. MCL 777.31(1)(c) provides for the scoring of OV 1, the aggravated use of a weapon, at 15 points where "[a] firearm was pointed at or toward a victim . . . ." Here, defendant does not dispute that a preponderance of the evidence supported the finding that a gun was pointed at the victim. However, MCL 777.31(2)(a) provides, "Count each person who was placed in danger of injury or loss of life as a victim." Defendant argues Alawdi is not a victim for purposes of OV 1 because the gun used in the robbery was unloaded. He cites Kruse's testimony as support that the gun was not loaded and defendant's statement to him that the gun was so old that ammunition was no longer manufactured for the gun.

The plain language of MCL 777.31(2)(a) does not require that a person be in danger of being shot to be considered a victim. Rather, a person need only "be placed in danger of injury" with a gun for defendant to be assessed 15 points under OV 1. In this case, defendant and his accomplice ran into the gas station, and defendant, only a few feet away, threatened Alawdi with a gun and demanded money. Even though defendant claimed the gun was unloaded, Alawdi was placed in danger because defendant could have physically assaulted Alawdi with the gun, and if a physical struggle over the gun ensued, Alawdi could have been seriously injured from the altercation. Thus, the trial court did not err in scoring OV 1 at 15 points.

Next, defendant argues that the trial court erred in scoring OV 14 at 10 points. MCL 777.44(1)(a) provides that OV 14 is scored at 10 points where "[t]he offender was a leader in a multiple offender situation" and zero points where the defendant was not a leader. Defendant argues that the evidence did not indicate that he was the leader of Kruse. However, Kruse testified it was defendant's idea to rob the gas station, defendant provided the weapon, Kruse only stood in the doorway while defendant threatened the clerk and gathered the money, and defendant gave him $130, which was 40% of the stolen money. Because Kruse's testimony revealed that the crime was defendant's idea, was primarily carried out by defendant, and it was defendant who kept the majority of the money, a preponderance of the evidence supported a finding that defendant was the leader during the commission of the crime. Thus, the trial court did not err in scoring OV 14 at 10 points.

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

-7-